### JOHN C. WATROUS v. L. F. RODGERS.

Where a party has been brought into Court, the presumption of law, in effect, the rule of law, is, that he knows the proceedings.

Where four years after judgment, the defendant applied for an injunction, on the ground that after the suit was commenced, the plaintiff contracted to dismiss the suit, but failed to do so, but took judgment without defendant's knowledge; and it appeared that the judgment was not taken until three years after the alleged contract to dismiss, during which time the defendant was represented by counsel, it was held that the injunction was properly refused.

An injunction will not be granted, where there is no real injury to be apprehended.

Error from Harris. Tried before the Hon. Peter W. Gray.

*R. & A. M. Hughes,* for plaintiff in error.

*C. W. Buckley,* for defendant in error.

LIPSCOMB, J.  The material ground of equity, in the appel-
lant's petition, is, that when the suit was brought against him,
on his note of hand, he had made an arrangement with the
counsel in the suit, by which he was, on a certain day, to pay,
in the notes of the Republic, the amount of the debt, for which
he gave his note for twenty-nine hundred dollars, payable in
the notes aforesaid, payable about the first of September fol-
lowing.  This was in the year 1841, and the suit was, by the
said agreement, to be dismissed ; and the note, so given, was
to be received in full payment and discharge of the note sued
on ; that, in contravention of the said agreement, the said suit
was prosecuted against him, and on the 10th of April, 1844,
judgment was given against him for two thousand, two hun-
dred and fifteen dollars, debt, and five hundred dollars inter-
est, without the knowledge of the petitioner ; and that execu-
tion has been sued out against him for the amount, with an in-
dorsement on the execution, by the attorney for the plaintiff,
to the effect that the Sheriff make out of the property of the
petitioner, the sum of seven hundred and fifty dollars, with
interest and cost ; and that the Sheriff, but for the timely in-
tervention of an injunction, will proceed with the said execu-
tion.  This petition was filed in July, 1848.  The record of
the suit against the appellant, is made a part of the defend-
ant's answer.  It shows that the appellant was represented by
counsel in that suit, from the return Term of the suit, until it
was passed into a final judgment, and no defence offered by
him.

The presumption of law, in effect, the rule of law is, that
every man knows the records of the proceedings of our
Courts, after he has been brought into Court.  If a point of
fact, he may not have known, himself ; yet, by his counsel, he
did know it.  It appears that the suit was pending after the
alleged compromise, about three years, before judgment ; and
it was four years more, before the appellant filed his petition,
showing too much negligence on the part of the appellant and

his counsel, to authorize the interposition of the Court, in hearing the matter of defence set up by him against the judgment rendered against him.

It further seems to the Court, from the record and proceedings in this case, that the appellant has not any cause of complaint. He might have had the judgment reduced to the par value, perhaps, of his note ; and would have had cause of complaint, if the plaintiff in the judgment had sought to collect the amount of the judgment, in par money ; but he only seeks to collect, on the execution, the sum of seven hundred and fifty dollars, with interest and cost. This amount, or near about that amount of par money, would be due to the plaintiff in the execution, according to the showing of the appellant himself.

We believe, therefore, that there is no ground upon which we ought to reverse the judgment and decree of the Court below, as it fixes the amount indorsed by plaintiff's attorney on the execution, as the basis of its decree, and the appellant is in no danger of having execution enforced, for the whole amount of the judgment, that had been rendered against him. The judgment is affirmed.

Judgment affirmed.