ANDREW ERKENBRECHER *v.* D. K. ESTE, THE CITY OF CIN-
CINNATI, ET AL.

Where it is apparent that the injury to the plaintiff's rights had all been
done by the acts of others than the defendants before suit, an injunction
will not lie to restrain them from acts which will work no injury.

An alleged injury to the bare right of navigating the basin of a canal,
which is doubtful, and which has been rendered impossible or of no value
by the acts of others than the defendants, is *damnum absque injuria,* and
the remedy by injunction unwarranted—the injury which the party ap-
prehends must be real.

Where this alleged right has been lost by non-user or lapse of time, an ac-
tion by injunction to restrain apprehended injury thereto can not be
maintained.

RESERVED TO SPECIAL TERM on the pleadings, demurrers,
and motions to strike out, which are set out fully in the
statement.

*C. D. Coffin* and *McGuffey, Morrill & Strunk,* for plain-
tiff.

*Walker, City Solicitor,* and *Matthews & Ramsey,* for de-
fendants.

The questions in this cause arise upon the pleadings,
which are very voluminous. The petition alleges that be-
fore July 5, 1831, the Bank of the United States was the
owner in fee of a large tract of land, and granted to the
State of Ohio, for the use of the canal fund, a lot of land
on the east side of plaintiff's lot; that on that day the bank
conveyed to Clark Williams, in fee, the lot now owned by
plaintiff, described as follows: "All that lot of land in the
city of Cincinnati, part of out-lot No. 3, the northeast

corner of Broadway and Eighth streets, fronting on the north side of Eighth street, two hundred and seventeen and one-half feet and extending back northerly fifty-six feet to the line of an old post and rail fence, * * * bounded south by Eighth street, west by Broadway, north by the line of said old fence, and east by a lot lately conveyed to the State of Ohio for the use of the canal fund, *excepting and reserving* a water-way or race of twelve feet in width along the north side of said lot of land from Broadway to said lot of land granted to the State of Ohio, so as to admit the free passage of water along the whole length of said race or water-way, but over which the grantee in this deed, his heirs or assigns, will have the right of building in a reasonable way, not obstructing, however, in any shape the free passage of the water.

" It is further understood and stipulated with the said Clark Williams, his heirs and assigns, that the said race or water-way, from Broadway west and north, is to remain open for boats, etc., the width from Broadway west, half way to Sycamore street, to be twelve feet, and from thence north to Tenth street the width to be forty feet or upward, and from thence to the canal to be twenty feet wide, the extent of the privilege hereby granted being that the said Clark Williams, his heirs or assigns, may, in common with others, pass boats along said water-way from the canal south and east to Broadway ; being part of the same property which was conveyed to the president, directors, and company of the Bank of the United States by deeds from the executors of George N. Hunt and others, dated 1st January, 1829, recorded in book No. 29, page 471, and from the executor of Abijah Hunt, dated 16th February, 1829, recorded in book No. 29, page 470, as will more fully and at large appear, on reference being had thereto, of the records thereof in the county of Hamilton, in the State of Ohio, together with all and singular the improvements, ways, water-courses, rights, privileges, hereditaments, and

appurtenances whatsoever, to the said hereby granted premises belonging, or in any wise appertaining ; and the reversions and remainders, rents, issues, and profits thereof; and also all the estate, right, title, interest, property, claim and demand whatsoever of the said, the president, directors, and company of the Bank of the United States, in law or equity or otherwise howsoever, of, in, to, or out of the same; to have and to hold the said lot of land, of fifty-six feet wide, by two hundred and seventeen and a half feet long (reserving the water-way as aforesaid), hereditaments, and premises hereby granted, or intended so to be, with the appurtenances, unto the said Clark Williams, his heirs and assigns, to the only proper use, benefit, and behoof of the said Clark Williams, his heirs and assigns forever. And the said president, directors, and company of the Bank of the United States do hereby covenant and agree, to and with the said Clark Williams, party of the second part, his heirs and assigns, that they have done nothing to incumber the premises hereby granted, or to prejudice the title to the same ; and that the premises hereby granted, with the appurtenances, unto the said Clark Williams, his heirs and assigns, against them, the said president, directors, and company of the Bank of the United States and all persons claiming by, from, or under them, they will warrant and forever defend by these presents."

The petition further alleges that in September, 1832, the bank made a plat of said water-way, designating a part thereof as a basin, and also of certain lots, streets and alleys on the land between Sycamore and Broadway, and Eighth street and the Miami canal, all of which belonged to the bank prior to and on July 5, 1831, subject to the right, privileges, and easements aforesaid, and thereby dedicated said streets and alleys to public use, and thereby granted to the city of Cincinnati the same, upon condition that they should always be kept in good repair and that

no bridge or ford should ever be made across either of said basins, and also describes so much of·said water-way as extends north from a point forty-four feet north of Eighth street to Canal street, as the "Large Basin," and setting forth that it is central between Broadway and Sycamore streets, and extends from Court street to within forty-four feet of Eighth street, the width of sixty feet; that the plat was recorded and the dedication acccepted by·the city; that the plaintiff owns in fee, and is possessed of the lot described in the deed from the bank to Clark Williams, by mesne conveyance from him with the same descriptions and covenants, with all the rights, privileges, ways, and water-courses thereto appertaining, and also of the said right, privilege, and easement in common with others to have, maintain, keep open and use forever for boats and other water-craft, the said water-way from Broadway, in said city, westward half way to Sycamore street, and from thence north to the Miami canal, as conveyed to Clark Williams, and that by said conveyance and said plat and dedication, the width of said water-way from Broadway west half way to Sycamore street is fixed, and he is entitled to have the same remain at twelve feet, and from the point forty-four feet north of Eighth street to Court street, he is entitled to have the same remain at sixty feet, and from thence to the canal twenty feet, and free and open forever for boats and other water-craft to navigate the same, and that no bridge or ford can ever be made across " the Large Basin," lying between Eighth and Court streets, and that on his lot plaintiff has a large manufactory, and uses a portion of the water which passes along said water-way for power under a contract with the State of Ohio; that aside from the intrinsic value in the rights, privileges, and easement belonging to and vested in him, his heirs and assigns forever, to keep open the basin and water-way from the Miami canal to Broadway, the same are of great value to him in the conduct of his business on said lot.

The plaintiff alleges that the city, in violation of the conditions of the dedication to her, is proceeding and intends to build a bridge across the basin at Ninth street, and that the other defendants claim some right in and control over a large part of said basin, and claim the right to fill it up and reduce its width to twelve feet along the greater portion of its length; and he then alleges that if the defendants are allowed to do so, it will seriously interfere with the supply of water necessary for carrying in plaintiff's business, and cut off from him all manner of navigation and transportation by boats to and from said canal, and destroy his right of navigation, and thereby occasion him irreparable injury. And, therefore, he prays appropriate relief by injunction, and a temporary injunction was allowed as prayed for.

The defendants, Este and others, except the city, admit the deed to Clark Williams and to the State of Ohio, and the grant to Williams of the easement in the said waterway, but allege that the grant of said easement is contained in the same deed that conveys the said lot, and while they admit the covenants against incumbrances and special warranty in the deed from the bank to Williams, they allege that the words, " the premises hereby granted." therein, refer to the land conveyed, and not to the stipulation concerning the said race or water-way.

The defendants admit the title and possession of plaintiff to the Clark Williams lot and the plat and dedication referred to, but they aver that the basin was not thereby dedicated to public use, having been previously, viz: January 24, 1831, conveyed by the bank to the State of Ohio to be used as part of the canal, and they deny that the plaintiff is in possession of, or is the owner in fee of, any right, privilege, or easement, in common with others, or in any other manner to maintain, keep open or use for boats or other water-craft, said water-way; they admit plaintiff is entitled to use a part of the water passing through said

water-way, for the purpose of power, under a lease from the State of Ohio, but deny that if plaintiff has any right to keep it open for the passage of boats from the canal, that the same would be of any value to him in the conduct of his business or otherwise. They allege that the conveyance by the bank to the State of Ohio, January 24, 1831, grants the lot next east of plaintiff's lot, and also the privilege of a race or water-way to the same, to commence on the south side of the canal, north of Court street, half way between Court and Sycamore streets, and to run south parallel to these streets to within fifty feet of Eighth street, and from thence easterly parallel with Eighth street, at the distance of fifty feet therefrom, to the corner of the said lot, said race to be excavated, walled, and bridged suitably, at the expense of the State, from the canal along said race to the elbow near Eighth street, twenty feet wide to the south side of Court street, forty feet wide to within fifty feet of Eighth street, and from thence east six feet wide; that this deed merely concedes a passage-way for water forever to be used on said lot.

The defendants also state that plaintiff holds a perpetual lease of water power from the State of Ohio, to be drawn from the race or basin connected with the canal, subject, however, to the right of the State to draw the water out for repairs, or to use the whole of the water if necessary for the purposes of navigating the canal; that the basin was excavated and walled by the State, to the width of —— feet, and the race or water-way twelve feet in width; that the basin was used to some extent by boats for navigation, but the race or water-way from the basin to Broadway never was so used, because too narrow and arched over so that only water could pass; that the basin never came into general use for navigation, and that for that purpose it was a failure and of no value; that from its construction there was little or no current, and the sediment accumulated therein, and it became partly filled up;

that it was seldom or never thoroughly cleaned out, so that at last it was only cleaned out so as to furnish a narrow passage-way in the middle of it for the passage of water, and the earth therefrom deposited on either side thereof forming permanent embankments along its entire length; that in 1851 the State constructed a heavy stone bridge at Court street, across said race-way, leading from the canal to the basin, the arch of which was so low as to form a permanent obstruction to the navigation, though loaded boats could, and a few did, pass under it to the basin, but when unloaded could not pass out again, unless loaded; that because said basin was not needed and by reason of the filling up of the same and of the existence of said bridge, the navigation of the basin has ceased for many years, and for ten years or more the State of Ohio has abandoned it, and has only kept the race-way open along the middle of it, for the passage of water; that on 13th March 1860, Samuel Jandon and others, assignees of the title of the Bank of the United States, leased the southeast one-fourth of the basin to one Rosebrough, who entered into possession and erected a cooper-shop thereon, and the city of Cincinnati claiming the same as dedicated to the public use as a street, threatened to remove his building, when he filed a bill in the Court of Common Pleas to restrain it and to quiet his title, and a decree was rendered in his favor; that in April, 1865, Joseph Rechter, assignee of Rosebrough, commenced his action in this court against Kent Jarvis and others, lessees of the State of Ohio, and the acting member of the Board of Public Works, the State becoming a party by its own consent, George Peabody having succeeded to the rights of the lessees and the Bank of the United States, in which a final judgment by consent was entered, decreeing that Peabody's title be quieted to the whole basin, subject to the easement of a mill-race or water-way in the center thereof, twelve feet wide, and said Peabody

may, among other things, extend Ninth street across the same, to lower the bridge at Court street, and the State of Ohio was to have the right of access to clean out said water-way; that the defendants, whose lots abut on said basin, are grantees of Peabody, subject to the terms of said decree, which they are ready and willing to comply with, but are restrained from doing by this injunction; that when said race-way is constructed according to said decree, the water will be delivered as freely and fully to plaintiff's lot as before the basin was filled up, and no injury will ensue to the plaintiff so far as his supply of water is concerned; that the basin in its present condition is a public nuisance, which will be removed by obedience to said decree.

The defendants charge that plaintiff never used said basin for navigation in any way, nor did his grantors; and that they all acquiesced in the abandonment of the basin by the State for navigation, and plaintiff's right of navigation has thereby been lost by adverse use and lapse of time, as against defendants, who bought for valuable consideration and without notice.

The city answers that it has possession and charge of the streets on the east and west side of the basin, known as East and West Cheapside, and desires to extend Ninth street across the basin to facilitate the public convenience, and entered upon the work of extension, and intends to lower the bridge at Court street in accordance with said decree, and adopts the answer of its co-defendants in all other respects.

1. The plaintiff moves to strike from the answer of Este and others so much thereof as avers that the words "the premises hereby granted," in the covenants in the deed to Williams, refer to the land conveyed, and not to the easement of navigation claimed by plaintiff in the basin, on the ground that it is a legal conclusion and not a fact.

2. For the same reason, to strike out the denial that the use of the race-way by Williams, his heirs and assigns, in common with others, was or is an appurtenant to the land conveyed.

1. The plaintiff demurs, generally, also, to the allegation that the easement of navigation would not be of any value to plaintiff in the conduct of his business on his lot or otherwise.

2. To so much of the answer as sets forth the deed from the bank to the State of Ohio, January 24, 1831, and the lease from the State to Williams and others, May 16, 1831, and to so much as avers by whom and how said basin was to be excavated and walled.

3. And to so much as states that said race from the south end of said basin to Broadway never was used for navigation, it being too narrow to admit of it, being built over, arched, and permanently obstructed, except for the passage of water, ever since it was made.

4. To the allegation that avers that there was so little current in the basin, owing to its construction, the sediment accumulated rapidly and partially filled up and obstructed the same.

5. To the allegations which set forth the legal proceedings which culminated in the consent decree mentioned.

6. To the allegations that when the race-way is constructed according to said decree, the water will pass and be delivered as freely and fully to plaintiff's lot as before the basin was filled up.

7. To the allegation that the basin is a public nuisance, and will be abated by the proposed construction of said race-way.

8. To all allegations of non-user of said basin by plaintiff and his grantors for the purposes of navigation.

The motions and demurrers were reserved to this court,

HAGANS, J. The pleadings have been substantially stated, so that the points presented by the various motions and demurrers might the more readily be seen.

We do not understand that there is really anything involved in this litigation but the bare right of navigation of the basin referred to. There seems to be no complaint in other respects. Upon the admissions of the demurrers, there arises very many questions. Among them these:

Had not the Bank of the United Statess previously conveyed to the State of Ohio the basin as a water-way and adjunct to the navigation of the canal, so that this subsequent conveyance to Williams passed nothing to him in respect of that navigation different from the enjoyment thereof by the public at large?

Is the right of the plaintiff to navigate the basin in common with other abutting property owners, if any exist, appurtenant to his lot as an easement, and if so, has it been lost by non-user and lapse of time?

And, finally, is the plaintiff, upon the pleadings as before us, likely to sustain any irreparable injury by the proposed action of the defendants, which furnishes sufficient ground for the equitable interference of the court by way of injunction?

If this last question be answered in the negative, there would seem to be no necessity of inquiring any further.

By the admissions of the demurrers, it is apparent that no injury will accrue to the plaintiff's alleged right to navigate the basin, by reason of anything which it is sought to enjoin. The exercise of the right of navigation had long before been effectually prevented by the acts of others, for which neither the defendants nor their grantors are responsible.

It is very clear to us that, so far as the city is concerned, the plaintiff has an adequate remedy in damages in a civil action, if he have a right to maintain it, for a breach of an

alleged contract at the time of the plat and dedication made by the Bank of the United States, or for a trespass, and it would seem that the damages, in either case, would be at most but nominal.

And we see no good reason why the same thing may not be said of the other defendants. By the pleadings, it appears that the substantial injury had all been done to the plaintiff, if any, before the action was brought. And if it be true, as we think it is, that the damages which the plaintiff would sustain, would only be nominal, that alone would not furnish sufficient ground for equitable interference. The injury which the party apprehends should be real. *Watrous* v. *Rogers*, 16 Texas, 410; *Campbell* v. *Scott*, 11 Sim. 39; *McCord, etc.* v. *Iker*, 12 Ohio, 387; Angell on Water-courses, sec. 444, p. 620; *Haight* v. *Morris Aqueduct*, 4 Wash. C. C. 601.

Besides, we are not satisfied that the plaintiff's right is clearly defined and established. If there be such a right as the plaintiff claims, the case made by the plaintiff seems to us to be *damnum absque injuria.* In either case, we think that the remedy of injunction is unwarranted.

This view of this case renders it unnecessary to discuss the cases cited by the plaintiff's counsel at the argument.

The motion to strike out and the demurrers will be overruled.