## No. 2554.

## J. N. CHISHOLM ET AL. *v.* S. N. ADAMS.

1. INJUNCTION—TAXATION—DISPUTED COUNTY LINES.—Chisholm and others reside in Rockwall county, and asked an injunction against Adams, the tax assessor of Kaufman county, restraining him from assessing the property within a strip 2500 varas wide claimed by both counties. The injunction was refused. Such ruling approved, (1) because claimants had a clear legal remedy at law, in appealing to the county commissioners court, without whose approval no liability is fixed by the assessment. (2) It does not appear that injury to complainants would result; the statutes (Acts 1879, pp. 24–28) require that the commissioner of the land office furnish to each assessor a list of lands in his county, which lands are required to be assessed, and the Act of April 23, 1879, provides against double taxation in cases of mistakes or disputes as to county lines. (3) The acts of the assessor of themselves would not cast a cloud upon the lands, and (4) no act is shown which would render it necessary to resort to any court or other tribunal for the protection of any legal right or avoidance of any threatened injury.

2. SAME—DANGER OF PROSECUTION.—A threatened prosecution against land owners within such disputed territory for failure to render property for taxation affords no grounds for injunction restraining the assessor of one of the counties from making an assessment of lands in such disputed tract.

APPEAL from Kaufman. Tried below before the Hon. Anson Rainey.

The opinion states the case.

*A. R. Hartman* and *Brown, Watts & Hall,* for appellants, cited Mitchell v. Milwaukee, 18 Wis., 92; Crane v. Janesville, 20 Wis., 305; Haywood v. Buffalo, 14 N. Y., 534; R'y Co. v. Marquette, 30 Mich., 505; South Platt Land Co. v. Buffalo Co., 7 Neb., 253; Wiley v. Flamvoy, 30 Ark., 609; Leslie v. St. Louis, 47 Mo., 474; R'y Co. v. Peebles, 47 Ala., 317; Minnesota L. O. Co. v. Palmer, 20 Minn., 468; Glass v. Smith, 66 Texas, 550; Day Land & Cattle Co. v. State, 68 Texas, 526; 1 High on Inj., sec. 540; 3 Pom. Eq., 377; Dows v. Chicago, 11 Wallace, 108; George v. Dean, 47 Texas, 73; Blessing v. City of Gal., 42 Texas, 653; Greenup v. Franklin Co., 3 Ark.,   ; Ireland v. City of Rochester, 53 Barb.

*Manion & Huffmaster* and *Word & Charlton,* for appellee: To entitle appellants to the relief sought in their petition it was incumbent on them to show that their said lands had been abstracted to Rockwall county for purposes of taxation for the year 1888 by the Commissioner of the General Land Office of the State. (Court v. O'Connor, 65 Texas, 334; Sayles' Texas Civil Statutes, vol. 2, arts. 4676a, sec. 1, and 4676a, sec. 2; also vol. 1, art, 641c; Sayles' T. C. S., arts. 4710a. sec. 1 and 641c; Pomeroy's Equity Jurisprudence, vol. 1, sec. 397; Pomeroy's Equity Jurisprudence, vol. 3. sec. 1322 n 1.)

Appellants seek to enjoin the tax assessor of Kautman county from listing their property. No assessment has been made. (Cooley on Taxation, 2 ed., 779; Cooley on Taxation, 2 ed., 748; Miller v. Grady, 13 Mich., 540; Magee v. Cutler, 43 Barbour, 239; 86 Indiana, 482; 59 Indiana, 64; 22 Illinois, 601.)

STAYTON, CHIEF JUSTICE.  The general nature and result of this suit is sufficiently stated in the brief of counsel for appellant as follows:

"This is a suit brought by plaintiffs, citizens of Rockwall county, in the district court of Kaufman county, on April 10, 1888. It was sought to enjoin the defendant S. N. Adams, the tax assessor of Kaufman county, from assessing the property of plaintiff and otherwise performing his functions as assessor within the territory of Rockwall and upon the citizens of said county. The petition alleged substantially that the boundary

line between Rockwall and Kaufman counties was clearly defined, marked and established according to law, at the time Rockwall county was created, and could be easily traced and identified from that time to the present. That all of the citizens north of that line so established were always regarded as citizens of Rockwall county; that they voted, did jury service and were assessed and paid their taxes in Rockwall county. That notwithstanding these things, Kaufman county claims that the true boundary line between the two counties lies still further north, and includes a strip of land in the territory of Rockwall about two thousand five hundred varas wide and about twelve miles long, and on which plaintiff and about two hundred citizens of Rockwall county now reside and own land and personal property. That S. N. Adams is the duly qualified and acting assessor of Kaufman county, and is attempting to assess and list for taxes the property of petitioners so situated in Rockwall county, and is threatening to assess and list the same for State and county taxes of Kaufman county, if petitioners refuse to render their said property to him for taxation. And that, unless restrained, said Adams will list and assess their property, and thereby impose upon them double taxation, becloud the title to their land, and sacrifice their personal property; and that said Adams is also threatening to report petitioners to the commissioners court of Kaufman county; and also threatens and declares his purpose to prosecute petitioners in the courts of Kaufman county, under art. 113 of the Penal Code of the State of Texas, for refusing to render to him as assessor of Kaufman county their property as aforesaid, whereby petitioners would be annoyed and harrassed by a multiplicity of suits, and become involved in vexatious, hazardous and costly prosecutions.

To which, on June 5, 1888, the appellee answered by general demurrer, and also assigned grounds of special exception as follows: First. Because the petition fails to show that appellants had rendered their property in either Rockwall or Kaufman county. Second. That it appears from the petition that appellants have an adequate legal remedy for the threatened injury. Third. Petition fails to show illegality of threatened assessment. Fourth. Petition failed to show that appellant's lands had been abstracted as in Rockwall county. Appellee also answered by general denial and specially. The cause came on to be heard in the district court of Kaufman

county on the twenty-sixth day of June, 1888, upon the general and special exceptions of defendants, which exceptions, both general and special, were sustained by the court. To which petitioners excepted, gave notice of appeal, and present to this court the rulings of the court below sustaining defendant's exceptions for revision and reversal."

If the lands and other property within the territory claimed by the assessor to be in Kaufman county are in fact in Rockwall county, there is no doubt that they ought not to be assessed and taxes therein paid in Kaufman county; for the Constitution requires the assessments and payments of taxes on property to be made in the county in which the property is situated. (Const., art. 8, sec. 91.)

It does not follow from this, however, that appellants are entitled to injunction, even if their lands be situated in Rockwall county. This is so for several reasons.

1. An injunction will not be granted when the person seeking it has a clear and adequate remedy at law. If the lands of the appellants be put on the assessor's list, either on a rendition made by them or by the assessor without this, that fact alone would neither make the appellants liable to pay the taxes nor give lien on their property.

Before a list made by an assessor can be looked to in any way to fix the liability on the tax payer or his property, the list must be approved by the county commissioners court sitting as a board of equalization. (Rev. Stats., arts. 4717–4719, 4723; Gen. Laws 1879, p. 44.)

That tribunal has power to correct any error in lists furnished by assessors, whether consisting of error in valuation or in property listed. (Gen. Laws 1879, p. 44.)

It is not to be presumed that that tribunal would violate its duty and retain on the approved list property situated in another county, simply because the assessor had placed it on the list furnished for the examination and approval of that body. If the facts stated in the petition be true, the presumption is that appellants could have had the relief which they seek through injunction by a presentation of the facts to the tribunal by law given power to give relief, and the petitition not showing that relief could be given only through a court of equity, the demurrer was properly sustained.

2. Injuction will never be granted unless it appears from the petition that injury will otherwise result to the applicant.

The ground on which injunction is sought in this case is, that if the property of appellants, situated in Rockwall county, be taxed in Kaufman county, appellants will be subjected to double taxation.

In disposing of this case we throw out of consideration personal property owned by appellants and situated on the controverted strip, as to which, against an illegal assessment, the remedy is too clear.

To enable assessors properly to assess lands situated in the several counties, the law requires the commissioner of the general land office to furnish them with a correct abstract of the surveys in their several counties, which must show, if a survey be partly in one county and partly in another, how many acres are in each county; but if this abstract omit lands, then it is made the duty of the assessor to assess them as though they appeared on the abstract books. (General Laws, 1879, pp. 24–28.)

The act of April 23, 1879, provides that "any lands which may have been assessed in any county according to the abstract of land titles, and the tax is paid thereon according to aw, shall not be afterwards subject to the payment of taxes for the same period in a different county, although a subsequent survey and determination of the county boundaries may show said lands to be in a different county from that in which they were originally assessed; and any sales of such lands for alleged delinquency shall be illegal and void." (General Laws 1879, p. 153.)

The section of that act preceding that above quoted provides against double taxation of lands lying on county boundaries, not accurately and legally surveyed, determined or fixed.

The presumption is that the Commissioner of the General Land Office correctly discharged the duty required of him by statute, and in the absence of an averment that the abstract showed the land to be in Rockwall county, and not in Kaufman county, the petition is insufficient to show that, had the assessment been legally perfected and taxes collected under it, the appellants would be liable to pay taxes on the same property in Rockwall county.

3. As before said, if the assessor had performed every act which this suit was brought to restrain him from doing, his acts would not, of themselves, have created liens had the property been situated in Kaufman county; hence, under no state of facts could he alone have clouded the title to lands belong-

ing to appellants or others. This being true, the ground on which courts of equity have so often granted injunctions to prevent the casting of cloud upon title, fails.

4. The petition not showing that the acts which the appellants sought to restrain the appellee from doing, if done, would have made it necessary for any one or all of them to resort to any court or other tribunal for the protection of any legal right, or avoidance of threatened injury, it is unnecessary to consider under what circumstances a court of equity will grant an injunction in order to avoid a multiplicity of suits. Had appellee listed and valued the property of appellants and returned them to the board of equalization, and had it given to them such final approval as would have authorized the collecting officer to collect taxes on the appellant's property, which could then, and not before, in a legal sense, be said to have been assessed, then such an inquiry on an application for injunction would become necessary.

There must be a state of facts averred which show that the applicants for injunction are compelled to resort to some tribunal for the enforcement or preservation of a right, either legal or equitable, or otherwise suffer injury before such a question can arise.

It is too clear that a threatened prosecution for a violation of a law defining and prescribing a punishment for a crime, of whatever grade, furnishes no ground on which a court of equity can grant an injunction.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*

Opinion delivered November 9, 1888.