### City of Tyler v. Ed. Story.

#### Decided November 21, 1906.

**1.—City Ordinance—Criminal Prosecution—Injunction.**

A court of equity can not be invoked to enjoin criminal prosecutions when the applicant has a plain, adequate and complete remedy at law.

**2.—Same—Exceptions.**

An exception to the above rule is found where the intervention of equity becomes necessary to protect the franchise of a public service corporation, or to prevent the multiplicity or oppressiveness of criminal prosecutions where there is a right affecting many persons.

**3.—Hog Ordinance—Defense at Law.**

Where plaintiff sought to enjoin the enforcement of a city ordinance making it a penal offense for any one to keep hogs at any place in said city within one mile of the center of the same, the bill should have been dismissed because the validity of the ordinance could have been fully tested at law in the event plaintiff was prosecuted for violating said ordinance.

Appeal from the District Court of Smith County. Tried below before the Hon. R. W. Simpson.

*R. P. Dorough,* for appellant.—A Court of Equity can not be invoked to enjoin criminal prosecution where the applicant has a plain, adequate and complete remedy at law. Wade v. Nunnelly, 19 Texas Civ. App., 256; Jones v. Stallsworth, 55 Texas, 138; City of Austin v. Austin City Cemetery Assn., 87 Texas, 330.

*McCord & Bullock,* for appellee.—The court properly held that the ordinance was invalid and void on all of the grounds alleged in the appellee's petition. Ex parte Robinson, 17 S. W. Rep., 1057; Ex parte Patterson, 58 S. W. Rep., 1011; Ex parte Ogden, 66 S. W. Rep., 1100; Ex parte Vance, 62 S. W. Rep., 568; Ex parte McCarver, 46 S. W. Rep., 936; Sylvester C. Co. v. St. Louis, 32 S. W. Rep., 649 (Mo.); St. Louis v. Marchel, 12 S. W. Rep., 1050 (Mo.); City of Austin v. Austin City Cemetery Assn., 87 Texas, 330, and authorities cited.

If the ordinance is invalid, then an injunction would lie, if it should appear that the party applying for such writ is entitled to the relief demanded, and the relief, or any part thereof, required the restraint of some act prejudicial to the applicant. Rev. Stats., 1895, art. 2989; Sumner v. Crawford, 91 Texas, 129; York v. Yzaguairre, 71 S. W. Rep., 563; State v. Patterson, 37 S. W. Rep., 478.

NEILL, Associate Justice.—This is an appeal from a decree perpetually enjoining the city of Tyler, its mayor, city attorney and mar-

shall, their agents, servants and employes from prosecuting or enforcing a certain ordinance of said city against the appellee.

The bill upon which the decree was rendered alleges in substance: That the city of Tyler has an area of territory three miles square; that said city, through its officers, passed an ordinance, which became effective in 1905, which is as follows: "Section 15. It shall be unlawful for any person, firm, association or corporation, to keep or have any hog or hogs, in any lot, yard, pen and pasture or in any other place within one mile from the center of the public square in said city. And any person or firm or the individual members of any firm or any corporation, or the managing official of any corporation, who shall violate this section of this ordinance, shall be deemed guilty of a misdemeanor, and on conviction shall be fined not less than five nor more than one hundred dollars; and each day that this section is violated constitute a separate offense;" that plaintiff (Ed. Story) is engaged in raising fine hogs in the city of Tyler for sale, and was so engaged long before said ordinance was passed; that his premises where he raises and keeps his hogs are within one mile from the center of the public square of said city; that such premises are isolated from the public, not on any public street, nor close to any residence, and are kept clean and free from any stench or odor, and in a sanitary condition; that plaintiff has invested large sums of money in such business and realizes an annual net income therefrom of eight hundred dollars.

That said ordinance is void because: (1) unauthorized by the city charter, and, it not being a nuisance *per se* for one to keep hogs on his own premises, the city had no authority to declare such keeping a nuisance; (2) it discriminates against plaintiff in favor of persons keeping hogs one mile from the public square in the city, while it inhibits their being kept within one mile from the square; (3) it contravenes article 1, section 17 of the Constitution of the State, in that it takes, damages and destroys the property and privileges of plaintiff for public use without compensation; (4) it contravenes article 1, section 19 of the Constitution, in that it deprives plaintiff of property, privileges and immunities without due process of law; and (5) it is unreasonable, in that it declares the keeping of hogs on one's own premises a nuisance, regardless of whether the premises are kept in a sanitary condition or not.

That the city of Tyler through its officers is threatening him with a multiplicity of vexations and unfounded prosecutions under said ordinance; and that said prosecution will be illegal and unjust, will cause plaintiff great trouble and expense in defending same, loss of time, atorney's fees, besides deteriorate, damage and destroy his business; that he has no remedy at law, and that the loss will be irreparable, and a great injustice and injury will be done him if said ordinance is allowed to stand.

The bill closes with a prayer for a writ of injunction against the city of Tyler, its servants, agents and employes, forbidding them enforcing said ordinance in any manner.

The city of Tyler and such of its officers as were made defendants answered by general and special exceptions to the bill, and by plea admitted the passage of the ordinance in question, averring that it was

authorized and valid; that plaintiff was keeping hogs in the city in violation of it, and admitted their intention of prosecuting him for its violation for the purpose of enforcing it.

The case was tried without a jury and upon hearing the evidence the court rendered the decree appealed from.

The evidence introduced, after showing the passage and publication of the ordinance in question, is as follows:

"That said ordinance, after its said publication, was sought to be enforced by the mayor, city attorney and city marshal of said city, and a warrant for his arrest on complaint had been filed against him.

"That Ed Story controls a building situated within 300 feet of the center of the public square of said city; that in said building he carries on a livery stable business, having and keeping within said building a large number of horses; that said building is 60 feet wide by 120 feet long; that in the rear of said building and south of it is a lot sixty feet wide by fifty feet long which adjoins and communicates with said building; that in said building and in said lot adjoining, said Story keeps and has hogs, averaging in number 5; that said Story keeps the premises whereon the hogs run in a clean condition; that said building and lot is situated in the block immediately south of the public square, in the place permitted by the city to be used as a livery stable and less than a mile from the center thereof; that the block in which said building and lot is situated is a business block of said city; that south and east of said block are residences 300 yards distant and about 200 feet north are business houses and the public square; that west of said premises are business houses and residences, which are about 400 feet distant.

"That Ed Story has made and erected said lot with a view to raise some fine hogs, has expended money in the erection of the lot and made preparation for same, and the property for which he used the place to keep his fine hogs will be greatly damaged and depreciated.

"The corporate limits extend one and a half miles from court house square in each direction. Ed Story owns no property or controls none within the limits which is beyond one mile from the public square.

"The above and foregoing are agreed to as a statement of facts in the above case."

*Opinion.*—The first and second assignments of error complain that the court erred in overruling defendants' first and second special exceptions to plaintiff's petition, which are as follows:

"Defendants specially except to said petition:

"1. Because said petition shows upon its face that plaintiff has an adequate remedy at law and is therefore not entitled to the remedy here sought.

"2. Because said petition shows upon its face that the ordinance, the enforcement of which is here sought to be enjoined, was duly passed and put in force by the duly constituted authorities of said defendant, the city of Tyler, and that should plaintiff be arrested for a violation of said ordinance he has a legal and adequate remedy at law."

Under these assignments, is asserted this proposition: "A court of equity can not be invoked to enjoin criminal prosecution where the applicant has a plain, adequate and complete remedy at law." That this

is the general rule, there can be no question; and it has been applied alike, whether the prosecutions or arrests sought to be restrained arose under statutes of the State or under municipal ordinances. (1 Beach on Inj., sec. 59; High on Inj., sec. 68.) This general rule is based upon the principle that equity is concerned only with the protection of civil and property rights, and is intended to supplement, and not usurp, the functions of the courts of law. This is illustrated by the following cases: Chisholm v. Adams, 71 Texas, 678, 10 S. W. Rep., 336; McDonald v. Lyons, 16 Texas Ct. Rep., 467; Portis v. Fall, 34 Ark., 375; Waters Pierce Oil Co. v. Little Rock, 39 Ark., 412; New Home Sewing Mac. Co. v. Fletcher, 44 Ark., 139; LeCourt v. Gaster, 49 La. Ann., 487, 21 So. Rep., 640; Garrison v. Atlanta, 68 Ga., 64; Dolton v. Dolton, 201 Ill., 155, 66 N. E. Rep., 323; Poyer v. Des Plaines, 123 Ill., 111, 13 N. E. Rep., 819; St. Peter's Church v. Washington, 109 N. C., 21, 13 S. E. Rep., 700; Cohen v. Goldsboro, 77 N. C., 2. And it is generally held that illegality of an ordinance is not ground for enjoining a prosecution for its violation, the fact being available as a defense. (Paulk v. Sycamore, 104 Ga., 24, 41 Law Rep. Ann., 772, 30 S. E. Rep., 417; Phillips v. Stone Mountain, 61 Ga., 386; Burnett v. Craig, 68 Am. Dec., 115; Denver v. Beebe, 25 Colo., 172, 54 Pac. Rep., 624.)

However, the general rule that equity will not enjoin a prosecution of a criminal or quasi-criminal, nature, either threatened or already instituted, appears, from adjudicated cases, to be not without its exceptions. It seems that a ground for an exception to the rule is found where the intervention of equity becomes necessary to protect the franchise of a public service corporation, as is illustrated by these cases: City of Austin v. Cemetery Association, 87 Texas, 337; City of Atlanta v. Gate City Gas Light Co., 71 Ga., 106; Southern Express Co. v. Ensley, 116 Fed. Rep., 756; Mobile v. Louisville & N. R. Co., 84 Ala. Rep., 115, 5 Am. St. Rep., 342, 4 So. Rep., 106; Montgomery v. Louisville & N. Ry. Co., 84 Ala., 127, 4 So. Rep., 626; Rushville v. Rushville Gas Co., 132 Ind., 575, 28 N. E. Rep., 852; Georgia R. & B. Co. v. Atlanta, 118 Ga., 486, 45 S. E. Rep., 256.

And it seems that the multiplicity or oppressiveness of criminal prosecutions also constitutes an exception to the rule, and affords a ground for interference of equity. Thus: Where some seventy-seven prosecutions were pending under a city ordinance a court of equity stayed all but one, so the liability of the defendant might be determined without a multiplicity of suits. (Third Avenue R. Co. v. New York, 54 N. Y., 159.) Also, where complainants are arrested several times under an ordinance for occupying a wharf to which he claimed title, and fined in each case in an amount too small to allow an appeal, equity enjoined further proceedings until claim of title was determined. (Shinkle v. Covington, 83 Ky., 420.) But to give a court jurisdiction to prevent a multiplicity of suits at law, there must be a right affecting many persons; and, if the right is disputed between two persons only, not for themselves and all others, a bill for an injunction will not lie unless the complainant's rights have been established at law. (Chicago, B. & Q. R. Co. v. Ottawa, 148 Ill., 397, 36 N. E. Rep., 85; Wallack v. Society for Reformation of Juvenile Delinquents, 67 N. Y., 23.)

We think that it is plain that appellee's bill shows that he has an adequate remedy at law, and that it states no facts which tend to show that he has a case which exempts him from the general rule. Therefore the exceptions should have been sustained and the bill dismissed.

The court having no jurisdiction, upon the matters pleaded, to grant the injunction, it is beyond our province to inquire into the validity of the ordinance under which the prosecutions were threatened. Its validity can be fully tested at law in the event the appellee is prosecuted for violating the ordinance.

Wherefore the judgment of the District Court is reversed and judgment is here rendered for appellants dissolving the injunction and dismissing complainant's bill.

*Reversed and rendered.*