JONES, Mayor, et al. v. WHITEHEAD et al.
(No. 2562.)

(Court of Civil Appeals of Texas. Amarillo. Dec. 2, 1925. Rehearing Denied Jan. 6, 1926.)

1. Injunction ⬅️85(1)—Injunction restraining enforcement of ordinance relative to livery barns held not to issue.

Where city issued permit for barn and yard for buying and selling live stock, but subsequently passed ordinance forbidding such barns within 300 feet of private residence, and threatened plaintiff with prosecution, plaintiff could present defenses in such prosecution, and therefore was not entitled to injunction restraining enforcement of ordinance.

2. Injunction ⬅️16—When injunction will not issue stated.

Injunction will not be granted when applicant has clear and adequate remedy at law.

Appeal from District Court, Lubbock County; Clark M. Mullican, Judge.

Suit by H. G. Whitehead and others against H. C. Jones, Mayor, and others. Decree for plaintiffs, and defendants appeal. Reversed and remanded.

R. A. Baldwin, of Slaton, for appellants.
Bishop & Starnes, of Lubbock, for appellees.

RANDOLPH, J. H. G. Whitehead et al. hereinafter referred to as plaintiffs, filed this suit in the district court of Lubbock county, praying for a writ of injunction to issue against the city officials of the city of Slaton, Tex., as defendants, and to restrain said officials from enforcing certain ordinances of said city.

Plaintiffs allege that on the 12th day of April, 1923, they received from the city authorities of said city of Slaton a permit authorizing them to operate a barn and yard,

which barn and yard were necessary in their business of buying and selling live stock; that said barn and yard are and were built, at the time of their receiving the permit, in the city limits of the city of Slaton and within 300 feet of a residence in said city; that said barn is kept in a clean and sanitary manner; that in April, 1924, the city of Slaton passed an ordinance which provides as follows:

"That hereafter it shall be unlawful for any person, persons, firm, corporation or association of persons to build, erect or construct or cause to be built, erected or constructed, any tannery, laundry, foundry, livery stable or barn where horses, mules, cattle or other live stock are kept for the purpose of breeding, or for hire or where such live stock is boarded or kept regularly for the purpose of sale or where live stock is kept for the purpose of trading or trafficking such live stock, within three hundred feet of any private residence within the corporate limits of the city of Slaton, Tex.

"That hereafter it shall be unlawful for any person, persons, firm, corporation or association of persons to engage in the business or occupation of operating or conducting a tannery, foundry, or of a livery stable or any barn where horses, mules, cattle or other live stock are kept for the purpose of breeding or to engage in the business or occupation of keeping or running any barn where live stock are kept for the purpose of hire, or where live stock are boarded, or where live stock are kept for the purpose of trading and trafficking in such live stock or buying or selling such live stock within three hundred feet of any private residence within the corporate limits of the city of Slaton, Tex.

"It shall be unlawful for any person, persons, firm, corporation or association of persons to engage in the business of a tannery, foundry, or any manufacturing plant or any business where any nauseous, offensive or unwholesome or noisy business is carried on.

"Any person, persons, firm, or corporation or association who shall violate any provisions of this act shall be deemed guilty of a misdemeanor and upon conviction thereof shall be punished by fine not exceeding one hundred dollars."

Plaintiffs allege that they have been threatened with prosecution by said city officials in the attempt to enforce said ordinances.

There are two questions affecting the jurisdiction of the trial court and of this court to determine the matters in controversy herein, which must be disposed of before we enter into a further discussion of the case, or discuss the allegations of plaintiffs' petition, and which render such discussion unnecessary.

Defendants present to us the questions that the trial court had no authority to grant a writ of injunction to restrain the municipal authorities for the reasons, first, such writ cannot issue in the restraint of a criminal prosecution; and, second, such writ is not authorized where the complainant has an adequate remedy at law.

[1] First. Where a criminal prosecution is threatened for a violation of law, it is within the rights of the party threatened to present his defenses and seek his vindication against the charges which may be filed against him, within the forum in which such prosecution may be launched.

In the case of Chisholm v. Adams, 71 Tex. 678, 683, 10 S. W. 336, 337, our Supreme Court, speaking by Judge Stayton, says:

"If the facts stated in the petition be true, the presumption is that appellants could have had the relief which they seek through injunction by a presentation of the facts to the tribunal by law given power to give relief. * * * It is too clear that a threatened prosecution for a violation of a law defining and prescribing a punishment for a crime, of whatever grade, furnishes no ground on which a court of equity can grant an injunction."

See, also, McDonald v. Denton, 63 Tex. Civ. App. 421, 132 S. W. 823, 826; State v. Clark, 79 Tex. Cr. R. 559, 187 S. W. 763; City of Breckenridge v. McMullen (Tex. Civ. App.) 258 S. W. 1099.

[2] An injunction will not be granted when the person seeking it has a clear, adequate remedy at law. Chisholm v. Adams, supra; Hill v. Brown (Tex. Com. App.) 237 S. W. 252; City Nat. Bank v. Folsom (Tex. Civ. App.) 247 S. W. 591; Chas. F. Noble Oil & Gas. Co. v. American Refining Co. (Tex. Civ. App.) 248 S. W. 451, 453.

We find therefore that the writ of injunction was wrongfully issued in this cause, and reverse the judgment of the trial court, and remand the case to that court, with instructions to dismiss the case.