**SANITARY APPLIANCE CO., Inc., et al. v. FRENCH.**

No. 3457.

Court of Civil Appeals of Texas. Amarillo.

Jan. 14, 1931.

Hamilton & Hamilton, of Dallas, and Marshall & Crunk, of Lubbock, for appellants.

Lockhart, Garrard & Brown, of Lubbock, for appellee.

This suit was brought by appellant seeking an injunction to restrain the defendant W. A. French from violating the terms of a contract entered into by the plaintiffs and said French, in which contract plaintiffs allege in their petition the defendant bound and obligated himself to become the agent of the plaintiffs for the sale of ·Sanitary products. The plaintiffs further allege that said contract provided that the plaintiff was to furnish the defendant with confidential information and with apparatus and business appliances and equipment sold by them. The petition abundantly alleges a violation of the terms of the contract, and also seeks damages against the defendant by reason of his refusal or failure to return the literature, supplies, and equipment furnished him.

The particular part of the plaintiff's petition charging a violation of the contract by the defendant is as follows:

"The plaintiffs further show to ·the court that the general agent, Cullen G. Jackson, immediately went to work under his said contract with the plaintiff, Sanitary Appliance Company, Inc., and obtained the confidential information with reference to said Appliance Company's business, as general sales agent, employed and contracted with the defendant W. A. French, and that the defendant W. A. French, through said employment and by virtue of said contracts and each of them, did obtain confidential information concerning the business of the plaintiffs and each of them, and concerning the appliances and equipment sold by them, and that the defendant W. A. French actually went to work under said contracts shortly after his employment on the 29th of August, 1929, and sought and obtained confidential information concerning the business of the plaintiffs and the apparatus and equipment sold by them and became familiar with their customers and with the municipalities throughout the one hundred fifty-two counties in Texas mentioned in said contracts, and that shortly after the employment of the defendant W. A. French, he set about to abtain all of the necessary confidential information concerning the business of the plaintiffs and concerning the apparatus and equipment sold by them which would enable him to engage in the same line of business in the sale of apparatus and equipment of other manufacturers used for the same purposes as those covered by and mentioned in the said contracts and that instead of using said information for the furtherance of the business of the plaintiffs, he deliberately began a course of unfair dealing by procuring the names of prospective customers and purchasers in said territory and of visiting them while traveling at the expense of the plaintiffs,

and of lining them up for future purchases of apparatus and equipment similar to that which it was his duty to sell for the plaintiffs, and after procuring said information and lining up a large number of customers in said territory for the purchase of such appliances and equipment, he then unfairly and deceitfully and for the purpose of injuring the plaintiffs and each of them, terminated his contract by giving the thirty days notice on or about the 16th day of December, 1929, and withheld from the plaintiffs the business which some of said customers were ready and willing to give him, and after terminating said contract with the plaintiffs, he began substituting the appliances, apparatus and equipment of other manufacturers, and began to offer the apparatus, appliances and equipment of other manufacturers to the customers whose names he had learned while in the employment of the plaintiffs, and concerning whom he had obtained information while in the employment of plaintiffs, and with whom he had begun negotiations while in the employment of plaintiffs, and he began and continued to use the confidential information which he had received under and by virtue of his employment by the plaintiffs, in the sale of apparatus, equipment and appliances of other manufacturers and began to compare such appliances, apparatus and equipment with the appliances, equipment and apparatus which he had been selling for the plaintiffs, so as to induce the purchasers to believe that the appliances, apparatus and equipment of such other manufacturers were superior to and better than the appliances, apparatus and equipment of the plaintiffs, and he began and continued to use the methods of salesmanship which he had been taught by and learned from the plaintiffs, and to use the same means for financing the purchase thereof by the purchasers, and to instruct the purchasers in the matter of the issuance of warrants and the obtaining of credit which would enable them to buy such appliances and equipment and has continued such conduct up to the time of the bringing of this suit, and is now actively engaged in selling and attempting to sell the apparatus, appliances and equipment of other manufacturers within the territory consisting of the one hundred fifty-two counties referred to and set out in his contract and in the contract written into the same as a part thereof. That he has retained the literature, instructions and supplies furnished him by the plaintiffs for his use as a sales representative of the plaintiff in the sale of the plaintiffs' products and still retains the same and has refused to return them to the plaintiffs.

"That upon his employment by the plaintiffs, he was furnished with supplies, literature and equipment, such as is furnished by the plaintiffs to their representative salesmen, consisting of printed descriptions, pictures, photographs, lithographed pictures, instructions to salesmen and advertising matter of the value of $600.00, and upon his notice that he intended to terminate his contract and leave the service of the plaintiffs, he was requested to return all of the plaintiffs' said properties to the plaintiffs, but failed and refused to return the same to them or to either of them, and still retains said advertising matter, literature, instructions, etc., and plaintiffs are informed and believe that he is using the same against the plaintiffs to their detriment, by showing them to customers and prospective customers in an unfavorable light and with criticisms of the methods of the plaintiffs, and with representations of inferiority of their appliances and apparatus. That said literature, pictures, printed instructions, etc., do not belong to defendant, but belong to the plaintiffs and were only furnished to the defendant to enable him to successfully show the plaintiffs' apparatus and appliances and to explain to such customers and prospective customers the good points and the beneficial uses of such appliances and the moderate cost thereof and for the purpose of showing such customers and prospective customers the manner of the installation of such apparatus and appliances and were not furnished to the defendant for the purpose of enabling him to damage the plaintiffs by making disparaging comparisons between the same and the appliances of other manufacturers, and that the use of said literature for said purposes is unfair, unconscionable and in violation of the defendant's contract.

"These plaintiffs show to the court that the defendant is damaging their business and is misusing the confidential information received by him through his employment by the plaintiffs, and is unfairly, deceitfully and improperly making use of such information to damage and injure the plaintiffs by false and wrongful representations regarding the plaintiffs' business and regarding the appliances and apparatus sold by the plaintiffs.

"Plaintiffs show to the court that by the use of the methods hereinabove described, the defendant is succeeding in making contracts with purchasers and prospective purchasers within the various counties named in the said contracts, who were the prospective purchasers of these plaintiffs, and that such contracts are being made and solicited by the defendant in violation of his contract and by unfair and improper and unethical business methods, and by false statements.

"Plaintiffs further show to the court that the defendant is insolvent, or so nearly insolvent that the plaintiffs have no hope or reasonable expectancy of recovering or col-

lecting any substantial amount of damages from him, and that no amount of damages would compensate the plaintiffs for the loss they have sustained and will sustain if the defendant is permitted to continue such course of dealing in said territory and that if the defendant is not restrained by injunction, from soliciting business and selling the apparatus and appliances of other manufacturers in said territory, the plaintiff will suffer irreparable loss and that they have no adequate remedy at law for such loss and damage.

"Plaintiffs further show to the court that prior to the employment of the defendant W. A. French, the plaintiff Cullen G. Jackson was doing business under the name of Sanitary Equipment Company, in the sale of the products, apparatus and appliances of the plaintiff Sanitary Appliance Company, and had extensively advertised said business under the name of Sanitary Equipment Company. That when the defendant W. A. French was employed by the plaintiffs he learned that the plaintiff Cullen G. Jackson had been selling said apparatus, appliances and equipment of the plaintiff Sanitary Appliance Company, Inc., under the business established and doing business under the name of Sanitary Equipment Company, and learned that said business had been extensively advertised under said name, and that after the termination of his contract by giving the thirty days notice as hereinbefore alleged, and as a part of his scheme to take undue advantage of the plaintiffs, he established a business and began doing business under the name of Universal Sanitary Equipment Company for the purpose of acquiring business under the established good will of the plaintiff Cullen G. Jackson and his predecessors and the defendant French is still doing business under said name of Universal Sanitary Equipment Company. That said Sanitary Equipment Company had acquired a good will and established a good business in the sale of such equipment and apparatus and had become well and favorably known throughout Texas, and had acquired by the long use of said name of Sanitary Equipment Company a property right in said name, and had established a good will which was valuable and that the defendant added the name 'Universal' to the words 'Sanitary Equipment Company' so as to slightly distinguish the name of his business from the name 'under which the plaintiffs' business had been conducted, for the purpose of evading legal responsibility for the unlawful and improper use of said name while at the same time using a name so similar thereto as to deceive the public and to lead the public to believe that it was the same concern and that the same has resulted and will result in irreparable damage to the plaintiffs."

The trial court granted a temporary injunction, but, on hearing of a motion made to dissolve the injunction by the defendant, and on hearing of the evidence, the court sustained said motion and dissolved the injunction. From said order of dissolution, the plaintiff has appealed.

As we understand the gist of plaintiff's case, it complains that the defendant breached his contract with it by resigning, and within twelve months thereafter he began the selling of sanitary products for another company, using the information he had obtained from it to secure the plaintiffs' customers for himself in the sale of other companies' products,—from which it seeks to enjoin him.

As intimated above, the plaintiff fully pleaded the contractual relationship of the plaintiff and the defendant, and also the violation of that contract by the defendant, but, when it came to the proof, not one instance of a violation by the defendant of the terms of his contract is shown.

The plaintiff, on the hearing of the motion to dissolve, placed on the stand Cullen G. Jackson, its general sales agent, who was the only witness testifying in the case, and who testified that he was one of the parties to the suit; that he had a contract with the Sanitary Appliance Company whereby he was to have certain territory, and that he operated under that contract; that he entered into a contract with the defendant whereby he was to have certain territory.

In the contract with the defendant, the contract between the plaintiff Sanitary Appliance Company and Cullen G. Jackson was incorporated in full.

■ The defendant operated under this contract from June, 1929, to January, 1930, when he terminated the contract himself. This witness testifies to the matters of detail occurring between himself and the defendant, French, and also testified as to those things that were supplied to French, and, further. that these appliances, photostatic copies of contracts, and blueprints, etc., were of the actual value of $600, but nowhere does he testify to any act, any overt act, that shows a violation of the contract made by the defendant with him and the company, and nowhere does he prove that the defendant is threatening to violate that contract. It will be remembered that we are not speaking of the pleading but of the total lack of proof that the defendant was guilty as charged in the pleading in violating his contract or that he was threatening to violate it. The defendant having denied under oath that he was violating his contract, the trial court, being satisfied that the denial is truthful, could accept the denial, especially where there is no evidence to disprove the denial. 32 C. J. 45, § 23.

■ To authorize a temporary injunction, complainant must make out at least a prima

facie showing or a right to final relief. Id. 38, 39, § 17.

"The complainant must show not only the existence of his right but he must affirmatively show that the acts sought to be restrained will be in violation thereof. There must be what the law regards as a legal injury, not a mere inconvenience. * * *" Id. 41, § 19.

"Subject to some limitations hereafter considered, in order to entitle a person to injunctive relief, whether prohibitory or mandatory in its nature, he must establish as against defendant an actual and substantial injury; and this is true whether the injury is single or continuous. * * * In other words, a complainant is not entitled to an injunction where he can show no injury to himself from the action sought to be prevented. * * * " Id. 49, 50, § 29.

It must clearly appear that some act has been done or is threatened which will produce irreparable injury to the party asking an injunction. Id. 51, § 30.

Right to relief is dependent upon injury. Chisholm v. Adams, 71 Tex. 678, 681, 10 S. W. 336; Seymour v. Hill, 67 Tex. 385, 387, 3 S. W. 313; Watrous v. Rodgers, 16 Tex. 410.

It appearing, therefore, that on the hearing of the motion to dissolve which was had before the trial court no evidence was introduced showing injury or threatened injury, the trial court did not err in dissolving the injunction, and we therefore affirm the judgment of the trial court.

It is not necessary to discuss the other questions presented on this appeal, as the decision of the question discussed disposes of the case.

Judgment affirmed.