**NORVELL–SHAPLEIGH HARDWARE CO. v. LUMPKIN.**

(Court of Civil Appeals of Texas. Texarkana. Oct. 24, 1912.)

1. JUDGMENT (§ 19*)—CONFORMITY TO PLEADINGS AND PROOF.

A judgment unsupported by testimony is fundamentally erroneous.

[Ed. Note.—For other cases, see Judgment, Dec. Dig. § 19.*]

2. SUBROGATION (§ 31*)—TRANSFER WITHOUT INDORSEMENT—PAYMENT BY AGENT.

Where a creditor's agent, having a note for collection, paid the amount thereof to the creditor without it having been paid by the debtor, he became the owner of the note.

[Ed. Note.—For other cases, see Subrogation, Cent. Dig. §§ 70–91; Dec. Dig. § 31.*]

3. PLEDGES (§ 56*)—ENFORCEMENT — LIABILITY OF PLEDGEE.

The payee of a note secured by the deposit, as collateral, of the note of a third person was not liable for any act or omission of its transferee, in connection with the collection of the collateral note, subsequent to the transfer.

[Ed. Note.—For other cases, see Pledges, Cent. Dig. §§ 152–183; Dec. Dig. § 56.*]

Appeal from Bowie County Court; Joe Hughes, Judge.

Action by G. H. Lumpkin against the Norvell-Shapleigh Hardware Company. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

T. N. Graham and E. A. Smitha, both of Texarkana, for appellant. R. H. Jones, of De Kalb, for appellee.

WILLSON, C. J. Appellant, a Missouri corporation doing business in St. Louis, having a past-due account for $93.83 against appellee, who resided in Bowie county, Tex., employed one Fittch, an attorney doing business in St. Louis, to collect it. Fittch sent the account to one Hubbard, an attorney residing at New Boston, in Bowie county, who presented same to appellee and demanded payment thereof. Being unable at that time to pay the debt, appellee offered to close the account by making his note for the amount thereof, payable November 1, 1908, and to secure the payment of the note by depositing with appellant a note for $265, due October 1, 1908, made to him by one Bullard and secured by a mortgage on certain personal property. Hubbard accepted the offer, and appellee made and delivered to him his note for $93.83 and the Bullard note. A short time before his note to appellant matured, appellee requested Hubbard to send same to a bank in De Kalb for payment there when it matured. Hubbard did so; and, believing appellee would pay same to the bank, as he had promised to do, out of his own funds, on November 2, 1908, paid to appellant the amount thereof. Appellee not only failed to pay the note at its maturity, but never afterwards paid it. In December, 1908, Bullard moved from Bowie county to Oklahoma, and carried to Oklahoma the personal property covered by the mortgage made by him to secure his note to appellee. After the maturity of appellee's note to appellant, and after Hubbard had paid the amount thereof to appellant, Hubbard repeatedly demanded payment thereof of appellee; and, failing to obtain payment, sought of appellant a return of the money he had paid to it on account of the note. Appellant refused to return the money, and thereupon Hubbard sold the note to a bank in Oklahoma for its face value, and with it delivered to that bank the Bullard note, pledged as collateral security for its payment. This suit was brought by appellee to recover of appellant $145.47 as the difference

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key-No. Series & Rep'r Indexes

between the amount of his note and the amount of a balance due on the Bullard note. He alleged, as grounds for the recovery he sought, that Bullard paid to appellant the amount of his (appellee's) note to appellant; and that appellant thereupon delivered to Bullard the note made by him to appellee and held by appellant as collateral security. He further alleged that Bullard had removed the property mortgaged to secure the payment of said collateral note to Oklahoma, beyond the jurisdiction of the courts of Texas. The only evidence in the record of the payment by Bullard of anything on account of the note he had made to appellee was the testimony of the latter that Bullard had possession of that note. The record is silent as to the solvency or insolvency of Bullard. The appeal is from a judgment in appellee's favor for the sum of $125.47.

[1-3] The statement we have made from the record shows the judgment to be fundamentally erroneous, because without testimony to support it. Loan Ass'n v. Newman, 25 S. W. 463; Withers v. Linden, 138 S. W. 1119. It affirmatively appeared that as between Hubbard and appellant the latter, on November 2, 1908, became the owner of the note made by appellee to appellant; and that prior to that time appellant had not been guilty of any act or omission with reference to the collateral note creating a liability against it in favor of appellee. The latter's cause of action, if any he had on account of such an act or omission, was against either Hubbard or the Oklahoma bank. The judgment will therefore be reversed, and a judgment will be here rendered that appellee take nothing by his suit against appellant.