## A. B. MILLER ET AL. v. J. R. VANCE.

No. 2757. Decided December 15, 1915.

**1.—Taxation—Assessment—Board of Equalization.**

The duties of a board of equalization of assessments for taxes are quasi-judicial and require full authority to bring all assessments to the same relative standard of value. This implies the power to raise as well as to lower an assessment. (Pp. 488, 489.)

**2.—Same—Independent School District.**

Where an independent school district has the assessment and collection of its taxes performed by the county assessor and collector, not by its own officers (Rev. Stats., art. 2862) the equalization of such assessments should be by the Commissioners Court acting as a board of equalization, as in case of State and county taxes. The district could not create a board with power to raise an assessment in such case, being forbidden, by the proviso to that article, to

exceed the valuation for State and county purposes; and this implies that equalization of the assessment, when it is made by county officers, should be by the county board of equalization, the only body having powers adequate to such duty.    (Pp. 489, 490.)

### 3.—Same—Injunction.

An independent school district, though given by article 2853, Revised Statutes, the powers in school matters conferred on incorporated cities and towns, including the power to provide its own board for equalization of assessments for school taxes, being precluded, by implication, from so doing where it has its assessment performed by the county assessor, the tax is not invalidated in such case by its failure to provide a district board of equalization, and it was error to enjoin the collection of the tax upon that ground.    (P. 490.)

### 4.—Independent School District—Assessment.

The failure of a county assessor taking renditions of property for school taxes in an independent district and at the same time for State and county purposes to have such rendition made on separate sheets for each purpose, was, at most, an irregularity and afforded no ground for enjoining the collection of the tax.    (P. 490.)

Error to the Court of Civil Appeals for the Eighth District, in an appeal from Martin County.

Vance sued Miller and others to enjoin the collection of school taxes. The injunction was dissolved on trial and on plaintiff's appeal this was reversed and remanded under ruling, affirming, however, his right to injunction, upon which appellees obtained writ of error.

*S. W. Pratt* and *Royal G. Smith,* for plaintiffs in error.—Owing to the utter impossibility of a board of equalization appointed to' equalize property for taxation within the limits of a municipal corporation incorporated for school purposes only, complying with article 950, Revised Statutes, 1911, by raising any property that they may find it their duty to raise—where the board of trustees has made an order for their taxes to be assessed and collected by the county assessor and collector, respectively—it is plainly the legislative intent by article 2862 to dispense with any other valuation than that fixed by the Commissioners Court, sitting as a board of equalization, such as would be required in the case of a city or town incorporated as such under the general law.    Rev Stats., 1911, arts. 2862, 2856, 942-955, 7564; Railway Co. v. Blum. Ind. School Dist., 143 S. W., 353; Underwood v. Childress Ind. School Dist., 149 S. W., 773; Cooper v. Avery, 168 S. W., 412.

The failure to take separately lists or renditions of the property for taxation for school purposes and to have a roll made therefrom is a mere irregularity which does not entitle the plaintiff to an injunction restraining the collection of taxes.    Rev. Stats., 1911, art. 2862; Rhomburg v. McLaren, 2 Texas Civ. App., 391.

*Chas. Gibbs, Earl Anderson, W. T. Daniel* and *Chas. Rogan,* for defendant in error.—There being no separate assessment of property within the Stanton Independent School District for the year 1913, and par-

ticularly of plaintiff's property, by anyone authorized so to assess property for taxes or taxation, the trustees are without authority to collect such tax or demand the payment of such taxes. Rev. Stats., 1911, arts. 2853, 2878, 2879, 2857, 2862, 945, 946, 948, 952.

It is the duty of the board of trustees of an independent school district to appoint three commissioners, each being a resident, taxpaying voter of the district for which he is appointed, who shall constitute the board of equalization of such independent school district, and each taxpayer should be given an opportunity to appeal to such board of equalization so constituted of property owners in said district. Same authorities. Also: Chambers v. Cook, 132 S. W., 865; Underwood v. Childress Ind. School Dist., 149 S. W., 773.

Before the tax rolls prepared by the assessor can be used as the basis to fix the liability of a taxpayer, the roll must be approved by a board of equalization, composed of property taxpaying voters who reside within the limits of the school district. Rev. Stats., art. 945; Chambers v. Cook, 132 S. W., 865.

MR. CHIEF JUSTICE PHILLIPS delivered the opinion of the court.

The plaintiff below was the present defendant in error, J. R. Vance, who instituted the suit against A. B. Miller, the tax collector of Martin County, and the other defendants as trustees of the Stanton Independent School District, to enjoin the collection of taxes which the defendants were claiming as due the school district for the year 1913. The district judge granted the plaintiff a temporary injunction in chambers, but on the trial it was dissolved. The honorable Court of Civil Appeals reversed the judgment on Vance's appeal, remanding the case because the district, itself, had not been made a party to the suit, but holding that the taxes were not subject to be lawfully collected because the trustees had not provided a board of equalization for the district. The writ of error was granted upon this latter holding, and it presents the principal question to be determined.

Stanton is the county seat of Martin County, incorporated for school purposes only under chapter 16, title 48, Revised Statutes of 1911. The district had no assessor or collector of taxes for the year 1913, but had employed the tax assessor of Martin County, J. E. Henson, to assess, and A. B. Miller, the tax collector of the county, to collect its taxes for that year. No separate board of equalization for the district was provided. The county tax assessor assessed all the property in the school district for the district at the same time he assessed the same property for the State and county, but in making the assessments for the district did not take separate renditions. He submitted his assessments to the Commissioners Court of the county sitting as a board of equalization, and it equalized the assessments and renditions as thus made. It notified the plaintiff of the change made in the valuation of his property, and he appeared before it and was heard in relation thereto. The trustees

of the district·accepted the equalization made by the Commissioners Court.

It is declared by article 2862, chapter 16, title 48, that when a majority of the board of trustees of an independent school district prefer to have the taxes of their district assessed and collected by the county assessor and collector, they shall be assessed and collected by such county officials and turned over to the treasurer of the district. This article contains a distinct proviso to the following effect:

"That the property of such districts having their taxes assessed and collected by the county assessor and collector, shall not be assessed at a greater value than that assessed for county and State purposes."

Article 2853 of the same chapter provides:

"The trustees elected in accordance with the preceding article shall be vested with the full management and control of the free schools of such incorporated town or village, and shall in general be vested with all the powers, rights and duties in regard to the establishment and maintaining of free schools, including the powers and manner of taxation for free school purposes that are conferred by the laws of this State upon the council or board of aldermen of incorporated cities and towns."

It is under this article that the contention is made that the duty of providing a board of equalization for the district imperatively rested upon the trustees, notwithstanding the use by the district of the county officials for the purpose of assessing and collecting its taxes, and the inhibition of article 2862 that, under such a condition, the property within the district could not be assessed for district taxation at a higher valuation than for State and county purposes.

The design of the equalization of tax assessments is to prevent the subjection of property to disproportionate, and therefore unequal, taxation. It is a quasi-judicial proceeding. Its nature implies untrammeled authority to bring all property affected by the tax to the same relative standard of value. The members of whatever body is charged with the duty, act upon their own judgment of what is equal and just. There can be no equalization of values which accords with their judgment, or which fulfils their duty, unless they have the power to both raise and lower assessments as in the just exercise of their discretion they may deem proper. The law, therefore, in its provision for a board of equalization in matters of taxation contemplates, and contemplates only, a body clothed with the authority which the nature of the proceeding requires. It cannot be supposed that it would countenance as a board of equalization in such matters, a body denied the power of equalizing values by raising assessments in proper cases. A board divested either of the authority to lower or to raise values within reasonable limits, as its judgment might direct, is stripped of the discretion which it is presumed to exercise, and for whose exercise it is created; it is shorn of the substance of the power which its function presupposes; and its duty is reduced to the adoption of values otherwise determined. It is a misnomer to denominate such a body a board of equalization. It is a

contradiction to charge it with such duties. There could be no reason for its creation.

Where an independent school district has its taxes assessed by the county assessor, the effect of article 2862 is to deny authority anywhere for the assessment of property for school district purposes at a higher valuation than it is assessed for State and county purposes. An independent board, therefore, sitting for the district would have been without power to raise any valuation as fixed for such latter purposes which it deemed too low. Its authority would have extended no further than assessment at either a less or at the same valuation. It could have lowered values, but in no event have raised them beyond the amount determined by the county officials. It would have been permitted to exercise its own discretion with respect to such valuations as in its opinion the county officials had not fixed too high, but would have been forbidden to use its judgment in respect to those which it believed such officials had fixed too low. It would have been able, in other words, "to equalize" values only by reducing them to the State and county valuation, or fixing them at a less figure.

This is the condition in which such a board would have found itself in an attempt to exercise its functions. And this, notwithstanding its members would have been required to take an oath to faithfully. and impartially discharge all duties incumbent upon them by law as such board (article 965); and although a distinct duty imposed by law upon such a board is "to raise to a proper figure the valuation of all such property as the board is satisfied is valued too low." Article 947.

Independent school districts which do not have their taxes assessed by the county assessor are clearly obliged to provide a board of equalization before which the citizen is entitled to appear and be heard upon any assessment of his property. But the law does not require the doing of a vain thing. The creation of a board which is powerless to equalize values by raising them as well as by lowering them in proper cases, is a vain act, because the equalization of such values in any legal sense requires the exercise of authority which in the establishment of such a board is denied.

The limitation expressed in the proviso of article 2862 very plainly evidences, we think, an intention on the part of the Legislature that as to districts having their taxes assessed by the county assessor the Commissioners Court of the county, in sitting as a board of equalization for State and county taxation purposes, should act for them as well. The maximum valuation beyond which no property may be assessed for such district, is that which is to be determined by the Commissioners Court of the county as the result of its equalization of values for State and county purposes, and could be fairly determined in no other way. It would seem, therefore, that the grant to that body of the ultimate authority of fixing the maximum valuation at which property may be assessed for such districts, necessarily implies the duty of acting for the district, as well, in the process of equalization by which such valua-

tion is determined; and would likewise seem to pretermit all necessity for a further or additional equalization. There can be no doubt of its being a competent body for the purpose, and of its affording every means for a valid assessment of the property.

If the establishment of independent boards of equalization in such districts had been in contemplation, it is to be presumed that the Legislature would have left them with independent powers. There could have been no reason for the enactment of the proviso in article 2862 if the creation of independent boards in such districts had been intended; nor could there be any reason for having an independent board in such a district unless it was clothed with independent powers.

To hold that article 2853 requires the establishment of independent boards of equalization in such districts, is to give it a construction which, in effect, converts it into a law for which there is no reason and could be no reason, since such a board in such a district is powerless to equalize the values of the property proposed to be taxed. Such a construction ought not to be indulged.

It is our opinion, therefore, that it was not necessary for the trustees of the district, having, as it did, its taxes assessed by the county assessor and being accordingly subject to the proviso in article 2862, to provide a district board of equalization, and their failure to do so did not affect the validity of the tax.

The omission of the tax assessor to take assessments for the district upon separate rendition sheets was, at most, an irregularity which afforded no ground for the injunction. Rhomberg v. McLaren, 2 Texas Civ. App., 391, 21 S. W., 571.

There is no issue as to the facts in the case, the questions involved being purely questions of law. The judgment of the Court of Civil Appeals is reversed, and the judgment of the District Court is affirmed.

*Reversed and judgment of District Court affirmed.*