## ALBAUGH–WRIGHT LUMBER CO. v. HENDERSON et al.

### No. 8481.

Court of Civil Appeals of Texas. San Antonio. Oct. 15, 1930.

Rehearing Denied Dec. 17, 1930.

W. M. Groce, McFarland & Young, and Lewright & Lewright, all of San Antonio, for plaintiff in error.

T. H. Ridgeway and Edwin G. Black, both of San Antonio, for defendants in error.

SMITH, J.

■ Defendants in error have moved for a postponement of the submission of this cause, or, in the alternative, that plaintiff in error's brief be stricken. The record shows that plaintiff in error's brief was not filed in this court until the day the cause was submitted, nor was a copy of said brief furnished defendants in error's counsel until within two working days of said submission. No excuse for this delay is shown, and the motion to strike must be granted. The result is that· the judgment must be affirmed unless fundamental error is disclosed upon the face of the record. We conclude that such error is apparent from the record, and must be considered, although not assigned and briefed.

■ Defendants in error recovered of plaintiff in error two items, one for $39.75 and one for $20, for which they did not seek recovery in their pleadings, and, although controverted by testimony, were not submitted to the jury. Accordingly, the judgment in favor of Bessie Henderson for these items was fundamentally erroneous.

■ The judgment is reversed, and the cause remanded, unless defendant in error Bessie Henderson files in this court a remittitur of said amounts within ten days, in which event the judgment will be affirmed in accordance with said remittitur.

Reversed, upon condition.

On Motion for Rehearing.

The amended petition upon which defendant in error tried her case is correctly summarized in her motion for rehearing, as follows:

"This petition alleges in substance that her automobile was damaged through the negligence of the Albaugh-Wright Lumber Company and that the Albaugh-Wright Lumber Company recognized its liability and agreed to have the automobile restored to its former condition, and instructed her to take said automobile to the garage of Emil F. Kneupper at 1514 Broadway and acting upon such instruction she took said automobile to said Emil F. Kneupper with the agreement and understanding that said Kneupper would restore said automobile to its former condition and the Albaugh-Wright Lumber Company would pay for all repairs thereon. She alleges that the repairs amounted to $39.00 and they refused to deliver possession to her unless she would sign a release in full, which she refused to do' on account of the difference in the color of the paint, and she finally sequestrated the automobile. She prayed for judgment for $550.00 for the value of the automobile, and $5.00 a day for the loss of the use thereof. The prayer also contained the following paragraph:

"'Plaintiff likewise prays for such other and further relief both in law and in equity to which she may be entitled under all of the facts in this cause' and for costs."

It was also alleged by defendant in error that the repairs done upon her car by Kneupper were worthless. Kneupper, however, recovered of defendant in error the sum of $39.-75 for such repairs, and $20 attorney's fees. Defendant in error in turn recovered for said items from plaintiff in error, with no more pleadings therefor than those above set out.

■ It is obvious that those items constituted special damages, and should have been specifically pleaded. It was nowhere alleged by defendant in error that she was entitled to recover said items of plaintiff in error, nor did she pray for such recovery even by indirection, and, in particular, alleged no facts to support a prayer for recovery of the item

of attorney's fees. On the contrary, she specifically prayed for recovery upon other items, omitting and thereby excluding, by inference, those items not specifically mentioned in the pleadings and prayer.

Defendant in error's motion for rehearing must be overruled, and, in the absence of remittitur suggested in the original opinion, the judgment is reversed, and the cause remanded.