### GIFFORD MOTOR CO. v. PHILLIPS.

#### No. 9789.

Court of Civil Appeals of Texas. Galveston.

Nov. 3, 1932.

McFarlane & Roane, of Richmond, for appellant.

## GRAVES, J.

Pearl Phillips, appellee, filed suit in the county court of Wharton county, Tex., for conversion of a Ford automobile of the alleged value of $300; the appellant, Gifford Motor Company, filed an answer, composed of a general demurrer and general denial, and thereafter, to wit, on the 24th day of September, 1931, at the September term of court, judgment by default, reciting that it was upon a liquidated demand evidenced by an instrument in writing, was entered, without the introduction of any evidence in support thereof, either written or oral.

On the 3d day of October, 1931, at that same term of county court at which the judgment was entered, appellant filed its motions to set aside the judgment and grant a new trial, alleging its lack of knowledge of the setting of the cause, if any; that it was through no fault or lack of diligence on its part that the judgment by default had been taken; that it had a meritorious defense (setting same forth), and it was desirous of having the judgment set aside, and of having a trial on the merits of the case, so that it might have its day in court; but the court, after considering these motions filed, and the evidence and argument in support thereof, did, on the 12th day of October, 1931, in all things overrule them.

While ample assignments have been in due course of procedure properly presented and supported, none were really needed, since the trial court's action constitutes fundamental error, apparent upon the face of the record, there being so shown to be neither pleading nor evidence to sustain the judgment; the suit was upon an unliquidated demand—for conversion of the automobile of the alleged value of $300—while the judgment was entered as upon a liquidated demand evidenced by an instrument in writing, no such document, nor evidence of any sort, having been heard. Houston Gas, etc., Co. v. Spradlin, 55 S. W.(2d) 1086, in this court, opinion filed October 25, 1932; Albaugh-Wright Lumber Co. v. Henderson (Tex. Civ. App.) 33 S.W.(2d) 228; Casualty Reciprocal Exchange v. Alessandro (Tex. Civ. App.) 34 S.W.(2d) 636; Cisco & N. E. Ry. Co. v. Ricks (Tex. Civ. App.) 33 S.W. (2d) 878; Duke v. Gilbreath (Tex. Civ. App.) 10 S.W.(2d) 412; Gause-Ware Funeral Home v. McGinley (Tex. Civ. App.) 41 S.W.(2d) 433; Hill v. Alexander (Tex. Civ. App.) 195 S. W. 957; Matrimonial Mut. Ass'n v. Rutherford (Tex. Civ. App.) 41 S.W.(2d) 719; Norvell-Shapleigh Co. v. Lumpkin (Tex. Civ. App.) 150 S. W. 1194; Rasmussen v. Grimes (Tex. Civ. App.) 13 S.W.(2d) 959, 960; Stewart v. Byrne (Tex. Com. App.) 42 S.W.(2d) 234; West Texas Utilities Co. v. Nunnally (Tex. Civ. App.) 10 S.W.(2d) 391; Wilke v. Finn (Tex. Com. App.) 39 S.W.(2d) 836; Article 2211 of 1925 Revised Civil Statutes.

The judgment will be reversed, and the cause remanded.

Reversed and remanded.