**FREEMAN v. STATE et al.**

No. 2578.

Court of Civil Appeals of Texas. Eastland.

Jan. 10, 1947.

John O. Harris and Chas. L. South, both of Coleman, for appellant.

L. M. Crump, of Coleman, for appellees.

GRAY, Justice.

This is a suit for delinquent taxes on 320 acres of land in Coleman County, by the State and County, filed by the county attorney of said county. The defendants, Lucy A. Pierce and husband, Frank Pierce, were sued as the record owners, and were cited by publication, the court having duly appointed an attorney to represent them in the suit. The defendant, R. M. Freeman, was also sued as the claimant of an interest in the land, and who filed an answer. The trial was to the court without a jury. The asserted interest in said land by defendant Freeman was adjudicated in the suit, the court finding that he owned no interest therein and quieting the title of defendant Lucy A. Pierce to same as against Freeman. The judgment further decreed a recovery on behalf of the State and County as against said Lucy A. Pierce and Frank Pierce of the amount of taxes, interest, penalty and costs delinquent and unpaid for the several years alleged, and for foreclosure of the tax lien. It further provided that any surplus of money remaining from a sale of the land over and above the amount necessary to discharge said taxes, interest, penalty, costs and costs of sale should be paid to said Lucy A. Pierce and husband, Frank Pierce, from which judgment defendant Freeman has appealed.

The petition was the usual pleading in a suit for delinquent taxes due on realty. The only answers filed by the defendants were general denials. No cross action was filed by the Pierces against Freeman, or by Freeman against them raising the issue of title to the land. There was no prayer in the petition or either of the answers with reference to the title. Appellant, therefore, contends that in the absence of pertinent pleading or cross-action, the trial court was without power to adjudicate the question of title as between the parties

and to quiet the Pierces' title as against him.

The trial court probably acted on the assumption that, in order to determine against whom judgment should be rendered for the taxes and foreclosure of the tax lien, and to whom the surplus of money on hand, if any, after the sale should be paid, the pleadings were sufficient for such purpose. But since the case must be reversed and remanded upon another ground, we do not pass upon the sufficiency of the pleadings. If appellant desires further to litigate his claim to the land, he may file an appropriate cross-action against his co-defendants setting up his claim of title, and the question here presented need not arise on another trial.

 Appellant challenges the sufficiency of the evidence to support the judgment. The only proof introduced as to the amount of taxes, interest, penalty and costs for the years alleged to be delinquent, was the oral testimony of the Assessor-Collector. There was exhibited to him a statement purporting to be a true statement as to such amounts and the years for which said land was alleged to be delinquent, but it was not introduced and does not appear in the record or statement of facts. Neither the tax rolls for the years involved, nor the delinquent tax rolls were offered in evidence. We do not think the evidence produced was sufficient to support the judgment. Article 7336, R.S. Vernon's Ann.Civ. St. Art. 7336, makes production of the tax roll prima facie evidence that the tax was duly levied. Article 7326 makes the delinquent tax records prima facie evidence of the true and correct amount of taxes and costs, or certified copies thereof may suffice. No certified copies of the delinquent tax rolls were in evidence in the case. It is true that in certain cases as in Victory et al. v. State, 136 Tex. 285, 158 S.W.2d 760, 765, a deputy tax assessor was permitted to testify as to the tax rates and contents of the tax records of Upshur County, the Commission of Appeals holding that in said case, "the 'best evidence rule' " had not been violated. But in said case, the records had been properly introduced in evidence and the testimony of said witness related to calculations as to taxes, interest, penalty and costs based upon what was shown by the records. To the same effect is the case of Rachford v. City of Port Neches, Tex.Civ.App., 46 S.W.2d 1057, in which the tax rolls were in actual possession of the witness while testifying and that part of said rolls relating to the property in suit was read into the record. See also Rees v. State, Tex.Civ.App., 149 S.W.2d 184, error dismissed. The case of Sparks v. State ex rel. Saltillo Independent School Dist., Tex.Civ.App., 27 S.W.2d 918, 921, was a suit for collection of delinquent school taxes. The delinquent tax roll had been lost and the collector was permitted, over objection, to use the original rolls in testifying as to appellant's taxes and the amount unpaid. We quote from the decision reversing the judgment of the trial court: "In view of another trial, we suggest that, unless the plaintiff in the suit furnishes better evidence of the levy and assessment of the district taxes and their nonpayment, the court should instruct a verdict for the defendant. * * * The evidence of a levy and assessment of school district taxes should be a matter of record in the office of the collector, and those records, or certified copies, should be produced on the trial."

The Legislature has made the introduction of an approved delinquent tax roll sufficient to make a prima facie case. R.S. Art. 7326. We think it was clearly the legislative intent that said rolls should be introduced in evidence in a tax suit such as this, and that substitution of other and weaker evidence does not satisfy the requirements of the law. This view is further fortified by the fact that foreclosure of the tax lien on realty, followed by a sale thereof, is a harsh remedy, and to justify divesting an owner of his title, a strict adherence to the requirements of the law must be had. Only by such strict adherence can it be a judicial proceeding as contra-distinguished from a summary proceeding. As we construe the law relating to the collection of delinquent taxes, antecedent things necessary to fix a valid tax lien, and consequent authority to foreclose it, must result only from what

the tax records show. Due process requires as much. See also: Chisholm v. Adams, 71 Tex. 678, 10 S.W. 336; Miller v. Vance, 107 Tex. 485, 180 S.W. 739; Crocker v. Santo Consolidated School Dist., Tex.Civ. App., 116 S.W.2d 750, Syl. 12–14; Broocks v. State, Tex.Civ.App., 41 S.W.2d 714; Garza v. City of San Antonio, Tex.Com. App., 231 S.W. 697; Gifford Motor Co. v. Phillips, Tex.Civ.App., 55 S.W.2d 1087; 40 Tex.Jur., pages 227, 228, Para. 161 and 162.

Appellant complains of the exclusion by the trial court of an ex parte affidavit by a former claimant of the land as to his claim and possession, which affidavit had been recorded in Coleman County. We perceive no error of the trial court in excluding same, and the assignment is overruled.

Since the defendants, Lucy A. Pierce and husband, Frank Pierce, were cited by publication, in the event of another appeal of the case, we suggest that such original citation and return, together with citation and return on any cross-action against them be brought forward into the record.

The judgment of the trial court is reversed and the cause remanded.