**CITY OF LONE OAK, Texas, Appellant,**

v.

**Rad W. WALLACE et al., Appellees.**

**No. 6932.**

Court of Civil Appeals of Texas.

Amarillo.

Nov. 16, 1959.

Rehearing Denied Dec. 21, 1959.

C. L. Chance, Austin, for appellant.

Allen Clark, Greenville, for appellees.

NORTHCUTT, Justice.

The City of Lone Oak originally filed two suits, one against R. W. Wallace and one against Mrs. Jack D. Edge. This appeal is from the judgment of the 62nd District Court of Hunt County, Texas, in a suit filed by the City against tax payers to collect City taxes on land owned by the tax payers and alleged to be in the city limits of the City of Lone Oak. On the trial of the cases they were consolidated and tried as one case since there were parallel fact situations. Upon trial of the consolidated cases the trial court entered judgment that the City of Lone Oak, Texas, take nothing as against each of the defendants, R. W. Wallace and Mrs. Jack D. Edge. The appeal was originally taken to the Court of Civil Appeals at Dallas and transferred to this court by order of the Supreme Court.

The appellant presented its appeal upon only one point of error as follows:

"*Point upon Which Appeal is Predicated*

"The trial court erred in holding that the city should take nothing in its action against taxpayers for city taxes on land within the city limits as adopted and defined on June 4, 1915, because such action by the court amounts to setting aside and holding for nought Art. 974c–1 and related statutes of the State of Texas, if the judgment of the trial court is allowed to stand."

It was the contention of appellees that the appellees' property was not situated in the city limits, and consequently, was not subject to being taxed by the city and, further that appellant wholly failed to introduce any legal and competent evidence as to any taxes due and owing to it by either of the appellees and, further that there was no compliance with the statutes regulating proof in delinquent tax cases. There are no findings of fact or conclusions of law in this record. Appellants only point of error contends the court erred in setting aside and holding for nought Art. 974 c-1, Vernon's Ann.Civ.St. The judgment of the court does not state that it is based upon a finding that the property was not located in the city limits and Art. 974c-1 only concerns the action of a city in extending and prescribing the corporate limits. There was considerable discussion and evidence as to whether the property was actually located in the city limits. In the absence of a showing that the court based its judgment upon the finding that the property sought to be taxed was not in the city limits, we cannot say that was the holding of the court. Neither can we hold, under this record, that the trial judge erred in holding, if he did so hold, that the property was not in the city limits. Since we do not know from the record just what theory the court based its decision upon, we will look to other portions of the record to determine if there were also other matters that justified the holding of the court.

If the appellant did not properly prove the levy and assessment of the taxes and that they were unpaid but delinquent, then the trial court would be correct in holding against the appellant. Appellant does not by any point of error contend that the court erred in holding against appellant because appellant failed to properly prove that the taxes were properly levied, assessed and were delinquent. The appellant did not prove the levy, assessment or delinquency but introduced some figures which the city secretary, who stated she was employed or engaged to collect the taxes

for the city, testified, over the objections of the appellees, that she had looked at the paper and had compared it with the delinquent tax rolls that were in her custody and that the amounts showed the unpaid taxes. The sheets showing the figures were not properly certified as being copies of the tax rolls. Just why the records or properly certified copies thereof were not introduced, we do not know. In the absence of such proof or other competent evidence establishing the correctness of the delinquent tax, we think the appellant failed to prove the necessary elements to recover. If appellant had introduced the tax records or properly certified copies thereof the same would have constituted prima facie evidence of the correct amount of taxes and costs due by appellees. Stone v. City of Dallas, Tex.Civ.App., 244 S.W.2d 937 (writ dismissed). Without discussing the case further we think the case of Freeman v. State, Tex.Civ.App., 199 S.W.2d 301, 302 is directly in point here where it states:

"The Legislature has made the introduction of an approved delinquent tax roll sufficient to make a prima facie case. R.S. Art. 7326. We think it was clearly the legislative intent that said rolls should be introduced in evidence in a tax suit such as this, and that substitution of other and weaker evidence does not satisfy the requirements of the law. This view is further fortified by the fact that foreclosure of the tax lien on realty, followed by a sale thereof, is a harsh remedy, and to justify divesting an owner of his title, a strict adherence to the requirements of the law must be had. Only by such strict adherence can it be a judicial proceeding as contra-distinguished from a summary proceeding. As we construe the law relating to the collection of delinquent taxes, antecedent things necessary to fix a valid tax lien, and consequent authority to foreclose it, must result only from what the tax records show. Due process requires as much. See also: Chisholm

v. Adams, 71 Tex. 678, 10 S.W. 336; Miller v. Vance, 107 Tex. 485, 180 S. W. 739; Crocker v. Santo Consolidated School Dist., Tex.Civ.App., 116 S. W.2d 750; Syl. 12–14; Broocks v. State, Tex.Civ.App., 41 S.W.2d 714; Garza v. City of San Antonio, Tex. Com.App., 231 S.W. 697; Gifford Motor Co. v. Phillips, Tex.Civ.App., 55 S. W.2d 1087; 40 Tex.Jur., pages 227, 228, Para. 161 and 162."

Judgment of the trial court is affirmed.