

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

January 8, 1960

Hon. Jimmy Morris
County Attorney
Navarro County
Corsicana, Texas

Opinion No. WW-775

Re: Whether or not the secretary
of the Corsicana Independent
School District must sign all
notices mailed to taxpayers
notifying them of meetings
of the district's Board of
Equalization to consider in-
creasing property valuation.

Dear Mr. Morris:

You have requested our opinion upon the necessity of
having the secretary of the Corsicana Independent School Dis-
trict sign notices to taxpayers of the district, informing
them of meetings of the district's Board of Equalization to
consider increasing their property valuation. You advise us
that it has been the practice in past years to have the sec-
retary sign all such notices.

It is our opinion that the identity of the person
executing these notices is immaterial, and that the Board of
Trustees of the District may designate the secretary, the
district assessor-collector, or other person or persons to
perform this function.

An independent school district may proceed in ei-
ther of two ways in having its taxes assessed and collected.
Through its Board of Trustees it may (1) appoint its own
assessor and collector (Art. 2791, V.C.S.) or (2) elect to
have the county or city assessor and collector act for it
(Art. 2792, V.C.S.). In either case, a Board of Equalization
must be provided to equalize the taxes it imposes (Arts.
2791, 2792, 2792b, V.C.S.). Where the board elects to have
the county officials act for it, the commissioners' court,
sitting as a board of equalization, acts in that capacity for
the district also. Miller v. Vance, 107 Tex. 485, 180 S.W.
739 (1915). If a special assessor and collector is used, it
becomes incumbent upon the board to provide a board of equal-
ization before which a taxpayer may appear. St. Louis South-
western R. Co. v. Naples Ind. Sch. Dist., 30 S.W.2d 703 (Tex.
Civ.App. 1930). The taxpayer, of course, must be notified in
some manner of the time and place of the board's meeting.
Hoefling v. City of San Antonio, 38 S.W. 1127 (Tex.Civ.App.
1897, error ref.).

Procedure for equalizing county taxes is set out in some detail by Arts. 7181a et seq., V.C.S. Art. 7206 directs that, whenever the county board of equalization finds it necessary to raise an assessment, it shall order the county clerk to give notice in writing to the person who rendered the property (Sec. 5). But where a special assessor, collector, and equalization board are provided by the school district, there is no such specific direction in the statutes as to what officer or agent shall give such notice.

Independent school district trustees have those powers expressly granted by statute and, as a corollary, those necessarily implied in addition or incident to those granted, and finally those essential to the accomplishment of the objects and purpose of the district. Thompson v. Elmo Independent School Dist., 269 S.W. 868 (Tex.Civ.App. 1925). Since it is a mandatory duty of the trustees to provide a board of equalization before which the taxpayer may appear (Miller v. Vance, supra), the responsibility of having notice given to the taxpayer of the time and place of such meetings rests upon them. This necessarily implies the power to designate the mechanics of how such notice should be given.

### SUMMARY

It is not required that the Secretary of the Corsicana Independent School District sign notices to taxpayers of meetings of its Board of Equalization. The Board of Trustees may designate the person or persons to execute such notices.

Very truly yours,

WILL WILSON
Attorney General

APPROVED:

OPINION COMMITTEE:
W. V. Geppert Chairman

Tom McFarling
Marvin R. Thomas, Jr.
J. Arthur Sandlin
Wallace P. Finfrock

REVIEWED FOR THE ATTORNEY GENERAL:
By: Leonard Passmore

By James R. Irion
James R. Irion
Assistant

JRI:bct