THE ATTORNEY GENERAL
OF TEXAS
AUSTIN, TEXAS 78711



WAGGONER CARR
ATTORNEY GENERAL

October 26, 1966

Honorable G. Dixon Mahon    Opinion No. C-775
District Attorney
County Courthouse           Re: Questions relative to the
Ozona, Texas                    use of the same assessment
                                blanks, tax rolls, statements
                                and receipts for both an
                                independent school district
                                and the county or city, when
                                the county or city assess and
                                collects the taxes for the
Dear Mr. Mahon:                 school district.

     You have requested the opinion of this office in regard
to the captioned matter.  I quote from your letter making
the request as follows:

        "Prior to the amendment of Article 2792,
     (Vernon's Civil Statutes /See Acts 59th Leg.
     R.S. 1965, p. 1579, ch. 685/) . . . could,
     and subsequent to such amendment may, a county
     or city tax assessor, in assessing and collect-
     ing taxes for an independent school district at
     assessed values greater than the values asses-
     sed for city, county and state purposes, law-
     fully assess and collect the district taxes
     by using separate columns or separate portions
     of the same sheets of paper which are used
     for the city or county assessment blanks, tax
     rolls, statements and receipts, or was it
     mandatory prior to such amendment, and is it
     now mandatory, that completely physically
     separate assessment blanks, tax rolls, state-
     ments and receipts be used for such district
     taxes?"

     We quote from the applicable statute, Article 2792,
Vernon's Civil Statutes, as follows:

        "When a majority of the Board of Trustees
     of an independent district prefer to have the

> taxes of their district assessed and collected
> by the county assessor and collector, or by
> the city assessor and collector, of an incor-
> porated city or town in the limits of which
> the school district, or a part thereof is
> located, or collected only by the county or
> city tax collector, same may be assessed and
> collected, or collected only, as the case
> may be, by said county or city officers, as
> may be determined by the Board of Trustees
> of said independent school district, and
> turned over to the treasurer of the indep-
> endent school district for which such taxes
> have been collected. The property of such
> districts having their taxes assessed and
> collected by the county or city assessor and
> collector may be assessed at a greater value
> than that assessed for city, county and State
> purposes, and in such cases the city or county
> tax assessor and collector <u>may</u> assess the taxes
> for said district on separate assessment blanks
> furnished by said district and shall prepare
> the rolls for said district in accordance with
> the assessment values which have been equalized
> by a Board of Equalization appointed by the
> Board of Trustees for that purpose. . . ."
> (Emphasis added)

Prior to the amendment enacted by the 59th Legislature of the State of Texas, the applicable part of the statute read:

> ". . . the city or county tax assessor
> and collector <u>shall</u> assess the taxes for said
> district on separate assessment blanks fur-
> nished by said district and shall prepare the
> rolls for said district in accordance with
> the assessment values which have been equal-
> ized by a Board of Equalization appointed by
> the Board of Trustees for that purpose. . . ."
> (Emphasis added)

We have been advised by the Office of the State Comptrol-ler of Public Accounts, the office charged with administering

the tax collection machinery of the State of Texas, that assessment blanks are the rendition forms or sheets for listing the inventory of taxable property which are prepared and rendered either by the individual property owner or the tax assessor. The assessment blanks are physically separate forms and not merely blank spaces on a single sheet of paper.

In considering the change of wording brought about by the 1965 amendment to Article 2792, the word "shall" connotes directiveness or something that is mandatory or required, whereas the word "may" has the connotation of permissiveness or some degree of discretion.

It is, therefore, the opinion of this office, that prior to the 1965 amendment, city or county tax assessors, in assessing for independent school districts, could not lawfully use the same assessment blanks or property inventory blanks as those used for assessing for city purposes or for county and state purposes.

It is further the opinion of this office that under the 1965 amendment to Article 2792 the use of physically separate assessment blanks, or property inventory sheets in the case where a city or county assessor is assessing for an independent school district is permitted but not required, and that separate columns on the same assessment blanks may be used for assessing the different property values for each taxing unit.

The primary concern of any taxing body in preparing its taxing procedures is to insure that nothing is done to invalidate the tax levy or the assessment of the property evaluation.

The case of <u>Miller v. Vance</u>, 107 Tex. 485, 180 S.W. 739 (1915), held that separate property renditions and preparation of separate rendition sheets did not affect the validity of the tax assessed in that manner. The case of <u>Rhomberg v. McLaren</u>, 21 S.W. 571, (Tex.Civ.App. 1893) held that the failure to make separate tax rolls for a school district, taxes for which were being collected by a city, would not affect the validity of the taxes. Therefore, we are of the opinion that the failure to use separate assessment blanks or property inventory blanks prior to the 1965

amendment to Article 2792 would not invalidate the taxes assessed.

In regard to the question as to whether separate tax rolls, statements and receipts must be used, or must have been used prior to the 1965 amendment, we again quote from Article 2792 as follows:

" . . . If said taxes are assessed by a special assessor of the independent district and are collected only by the city or county tax collector, the city or county tax collector in such cases shall accept the rolls prepared by the special assessor and approved by the Board of Trustees as provided in the preceding Article. When the county assessor and collector is required to assess and collect the taxes of independent school districts, the Board of Trustees of such school district may contract with the Commissioners Court of said county for payment for such services as they may see fit to allow, not to exceed the actual cost incurred in assessing and collecting said taxes; and when the assessor and collector of an incorporated city, or town, as herein-before provided, is required to assess and collect the taxes of independent school districts, the Board of Trustees of such school districts may contract with the governing body of said city for payment for such services as they may see fit to allow, not to exceed the actual cost incurred in assessing and collecting said taxes."

As the Board of Trustees of an independent school district is authorized to contract with the county commissioners court or the governing body of a city for assessment and collection of taxes, it would seem that the respective county and city assessors and collectors should be able to use the same tax rolls, statements and receipts as those used for city and county and state purposes. The stated purpose of the 1965 amendment to Article 2792 is to enable taxing authorities to achieve more efficiency in their operation. (See Emergency Clause, Acts 59th Leg. R. S. 1965, p. 1579, ch. 685)

To achieve more efficiency the political subdivision performing the service for the school district should be able to combine assessing and preparing rolls, statements and receipts for the two bodies so long as the school tax rates, assessments and amounts are readily distinguishable.

Where the assessed valuation for the independent school district is higher than the assessed valuation for the city or for the county and state it is advisable that provision be made on the tax rolls, statements and receipts to show the different valuations and rates to avoid confusion in the minds of the taxpaying public.

## S U M M A R Y

Prior to the 1965 amendment to Article 2792, Vernon's Civil Statutes, a city or county tax assessor, in assessing taxes for an independent school district at values higher than those assessed for city, county and state purposes was required to assess the school district tax by using physically separate assessment blanks, but the failure to use separate blanks did not invalidate the taxes assessed. However, the use of separate tax rolls, statements and receipts was not required.

Subsequent to the 1965 amendment to Article 2792, a county or city tax assessor is permitted, but not required, to use completely physically separate assessment blanks in the assessment of school district taxes. A separate column on the same assessment blank may be used in assessing values for the different taxing units. The use of separate tax rolls, statements, and receipts is not required.

Very truly yours,

WAGGONER CARR
Attorney General of Texas

By: John F. Pettit
Assistant Attorney General

JFP:ck

-3721-

Honorable G. Dixon Mahon, Page 6 (C-775)


APPROVED:

OPINION COMMITTEE
W. O. Shultz, Chairman
Gordon Cass
Robert Flowers
Pat Bailey
Marietta Payne

APPROVED FOR THE ATTORNEY GENERAL
BY:  T. B. Wright