

THE ATTORNEY GENERAL
OF TEXAS

CRAWFORD C. MARTIN
ATTORNEY GENERAL

AUSTIN, TEXAS 78711
May 14, 1971

Honorable J. W. Edgar
Commissioner of Education
Texas Education Agency
Austin, Texas

Opinion No. M-859

Re: Whether a County Tax Assessor Collector can refuse to assess and collect independent school district taxes under Section 23.94, Texas Education Code, at a valuation different from or higher than the valuation assessed for state and county purposes and whether the Commissioner's Court should be the Board of Equalization under Section 23.94.

Dear Mr. Edgar:

Your request for opinion poses the following questions:

"1. When an independent school district, pursuant to Section 23.94, Texas Education Code, designates the county tax assessor-collector to assess and collect its school district taxes, and to assess its taxable property at a greater rate (or at greater valuations) of value than that same property is assessed for state and county purposes, legally may he refuse to perform?

"2. When under Section 23.94, the county tax assessor-collector is so designated to assess and collect, and assess on higher valuations, does the commissioners court automatically become the board of equalization of property values for the independent school district; or does the law contemplate the district shall appoint its own board of equalization for handling protests, hearing and adjustment purposes, and a preparation of a tax roll approved by a board of equalization?"

Section 23.94, Education Code, Vernon's Civil Statutes, which became effective September 1, 1969, reads as follows:

-4165-

"(a)  The board of trustees of any independent school
district may designate as its assessor and collector
of taxes for the school district the county tax
assessor-collector.

"(b)  The property in the school district may be
assessed at a greater rate of value than the same
property is assessed for state and county purposes.

"(c)  When the county tax assessor and collector is
required to assess and collect the taxes of an indepen-
dent school district, the board of trustees of such
school district may contract with the commissioners
court of said county for payment for such services
as they may see fit to allow, not to exceed the
actual cost incurred in assessing and collecting
said taxes.

"(d)  The county official so selected shall turn over
all independent school district taxes collected by
him to the depository of the independent school
district."

Various statutory provisions preceded the enactment of
Section 23.94 and related to the valuation to be used by a
county tax assessor-collector in assessing ad valorem taxes for
an independent school district.  Under such previous statutes a
county tax assessor-collector was limited, except for a brief
period, in assessing ad valorem taxes on property in independent
school districts to the value used to assess for county and
state purposes.

In the case of McPhail v. Tax Collector of Van Zandt
County, 280 S.W. 260 (Tex. Civ. App., 1925, error ref.), the
court stated:

"The law provides with reference to the assessment of
property for independent school districts, when as-
sessed by the county assessor, that the same shall
not be assessed at a greater value than that for which
it is assessed for county and state purposes.  If,
however, the assessment is made by a special assessor,

... property may be assessed at a greater value than
that for which it was assessed for state and county
purposes. ..." (at p. 264).
Accord: Underwood v. Childress I. S. D., 149 S. W.
773 (Tex. Civ. App. 1912, error dism).

Section 23.94, Texas Education Code now provides that
when a county assessor assesses independent school district
property that he may assess such property at a greater value
than that used for state and county purposes. Therefore,
the question is whether a county tax assessor-collector can
refuse to assess and collect at a rate of value levied by a
school board greater than the rate for which property situated
within such school district was assessed for state and county
purposes.

The Texas Supreme Court in Aldine Independent School District
v. Standley, 154 Tex. 547, 280 S. W. 2d 578 (1955) construed
Article 2792 which was the predecessor statute to Section 23.94.
The special assessor-collector appointed to assess the school
taxes in this instance was not the county tax assessor-collector;
however, Article 2792 and related statutes were involved in the
case. In discussing the authority of the board of trustees and
an appointed tax assessor-collector, the court said:

"We think it apparent from a reading of the above
statutes, that an assessor-collector of taxes ap-
pointed by a school board is ... only an agent or
employee of such school board at its discretion.
The board alone has the power to levy and cause to
be collected the annual taxes ... ."

"...

"... a reading of the statutes relative to the as-
sessment and collection of taxes... shows that this
power is lodged by the Legislature and Constitution
in the school board, and not in the office of the
assessor-collector. He is but an agent or employee
of the Board to discharge the clerical duties
necessary to carry out the school board's powers of
taxation."

This reasoning would apply also to a county assessor-collector appointed under Article 2792 because he is likewise only an "agent" appointed at the discretion of the Board, which "alone has the power to levy and cause to be collected the annual taxes... ."

Although the wording has been changed in the Education Code from the language of Article 2792 and its related Articles, the relationship between a school board and a tax assessor-collector designated by it as its assessor and collector of taxes is virtually the same. We see no reason to doubt that the county tax assessor-collector as designated by the Board under the Education Code is an agent of the Board to carry out the Board's powers of taxation as the Board may dictate.

The power to determine the rate to be used is vested in the Board and not in the assessor-collector. Once the Board designates the tax assessor-collector its agent for assessing and collecting and instructs him on the rate of value that the Board has levied on property within the school district to be used, the tax assessor-collector is obligated to assess and collect at the rate instructed. The language in Section 23.94 (b) that the property "may be assessed at a greater rate of value" does not grant any discretion to the tax assessor-collector to determine the rate to be used or to refuse to assess at a certain rate of value. It merely removes the prior limitation on the rate of value which the Board could levy. Therefore, it is the opinion of this office that when an independent school district, pursuant to Section 23.94, designates the county tax assessor-collector to assess and collect its school district taxes, and to assess its taxable property at a greater rate of value then that same property is assessed for state and county purposes, the county tax assessor-collector is bound to the rate of value as levied by the Board and, as the Boards' agent, he has no discretion to assess such taxes at any other rate.

The second question posed relates to whether the County Commissioner's Court or a board appointed by the Board of Trustees is to serve as a Board of Equalization under Section 23.94, Education Code.

Article 8, Section 18, Texas Constitution, provides:

"The Legislature shall provide for equalizing, as

near as may be, the valuation of all property sub-
ject to or rendered for taxation, (the County Com-
missioner's Court to constitute a board of equal-
ization); and may also provide for the class-
ification of all lands with reference to their
value in the several counties."

However, in discussing Section 18, the Court in Board of
Equalization of City of Fort Worth v. McDonald, 133 Tex. 521,
129 S. W. 2d 1135 (1939) stated:

"... It has been held that the reference to the
Commissioners' Court pertains to state and county
taxes, and not to city taxes, but the requirement
for creation of an agency for equalizing values
does apply to cities and towns. The necessity
for some agency ... for assessing values and
equalizing same, ... is obvious. ..." (at p. 1139).

It is apparent that the Constitutional requirement for
the use of the Commissioner's Court is limited to state and
county taxes. However, the Texas Supreme Court in Miller
v. Vance, 107 Tex. 485, 180 S. W. 739 (1915) determined that
the Commissioner's Court could properly be designated as a Board
of Equalization in a situation where the county tax assessor-
collector was selected by an independent school district to
assess and collect its taxes, and where he was limited by statute
in assessing to the rate of value used for state and county
purposes. The reasoning was that it would be senseless to
establish a board which would be powerless to equalize values,
inasmuch as it could not raise the rate of valuation.

As hereinbefore stated, Section 23.94(b) granted to the
school board the authority to levy a greater rate of value on
property in the school district than the same property is
assessed for state and county purposes. In Section 23.94
there is no express requirement that a board of equalization
be appointed; however Section 23.93 providing for the appoint-
ment of an assessor-collector for the district by the board of
trustees requires the assessment be equalized by a board of
equalization appointed by the board of trustees. Inasmuch as
the county tax assessor-collector as designated under Section
23.94 serves the same function as a tax assessor-collector
appointed under the authority of Section 23.93, the like au-
thority for equalization of the assessment under Section 23.94

by a board of equalization can be reasonably presumed when considered together with the other two methods provided in such Education Code for selecting an assessor and collector (Sections 23.95 and 23.96). In both cases, a board of equalization is provided. The overall scheme of equalization for such school districts appears to be by a board of equalization appointed by the school districts and not a board of equalization composed of the Commissioner's Court. Based upon the above reasoning, it is the opinion of this office that under Section 23.94 the independent school district should appoint its own board of equalization.

## S U M M A R Y

When an independent school district, pursuant to Section 23.94, Texas Education Code, designates the County tax assessor-collector to assess and collect its taxes and designates him to assess its taxable property at a greater rate of value than that same property is assessed for state and county purposes, he, as an agent only, has no discretion to do otherwise in the matter. When the county tax assessor-collector is so designated under Section 23.94, the statutory intent is that the Board of Trustees of the Independent School District should appoint its own Board of Equalization.

Yours very truly,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Harriet D. Burke
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Bob Lattimore
James McCoy
Fisher Tyler
James Quick

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant